JOHNSON, Judge.
This is an appeal from a final decree awarding custody of a minor child to its father, the appellee herein, and against the appellants, the maternal grandparents.
The mother and father of the child were in process of divorce when the baby was conceived. Final decree of divorce was granted about six months before birth of baby, and no mention made in the decree as to the unborn child. The mother and her baby lived with her mother and stepfather, appellants here, and were so living when the mother was killed in an accident. This was in 1962. Thereafter, the father remarried. The appellants then filed petition for guardianship of the child. They tried to get ap-pellee to agree to adoption, which at first he agreed to consent to, but changed his mind.
Much evidence was taken by both parties. At the conclusion of the testimony, the chancellor entered its final decree wherein inter alia, he stated that he found there was no just cause why the natural father, appellee, should not have the custody of his son. Also he ordered the appellants to surrender the custody to the appellee, and entered a judgment against appellee for support paid by appellants in caring for the child and costs, except attorneys fees.
It is from this order that this appeal is made, and cross appeal as to the costs assessed against appellee.
From the evidence, we feel the chancellor could have awarded the custody of the child to the appellants or the appellee without committing error, the merits and demerits on each side being so nearly equal.
It appears to us that the chancellor had a difficult decision to make. The evidence tended to show that more mutual love and affection existed between the appellants and the baby than between the appellee and the *883 baby, but that this was natural because of the close contacts between the appellants and the child, which had been denied the father, appellee, mostly because of circumstances not of his making. But, the chancellor, after weighing all the evidence and entertaining the respective argument of counsel, was in a better position to determine the case than we are on the facts and while we recognize there will be heartbreaks and suffering, at least for awhile, we can see no justification for this court to disturb the chancellor’s order as to the custody or the payments of money to be made. Therefore, the order appealed is affirmed in its entirety.
STURGIS and WIGGINTON, JJ., concur.