478 So.2d 510 (1985)
Raymond T. BORDLEY, Appellant,
v.
Israel and Barbara BLAKE, Appellees.
No. BD-498.
District Court of Appeal of Florida, First District.
November 20, 1985.
Fred H. Flowers, Tallahassee, for appellant.
No appearance for appellees.
*511 SMITH, Judge.
Appellant, the natural father of an out-of-wedlock child, appeals the trial court's order which finds him to be a fit father but nevertheless orders that it is in his child's best interest that custody remain with appellees, the child's maternal grandparents. We reverse.
While a student at Florida Agricultural and Mechanical University on a football scholarship, the twenty year old appellant and his girl friend, Cecilia Blake, had a son out-of-wedlock on October 10, 1983. Very tragically, Cecilia died the next day due to the effects of a cerebral hemorrhage. The Department of Health and Rehabilitative Services obtained custody of the child and two months later released him into the custody of the maternal grandparents. Immediately thereafter, appellant filed a petition for writ of habeas corpus seeking a determination that he is the father of this child and an order placing the child in his custody.
From the day the child was born, appellant has claimed to be the father and has vigorously sought custody of his son. The evidence shows that appellant is an intelligent, courteous and respectable young man. While he finishes his education, he has made arrangements for his son to live with the paternal grandparents.
The trial court ordered home studies of the paternal grandparents' home and the maternal grandparents' home. The home studies indicate that both homes can provide a warm and loving environment for the child.
In the order appealed, the trial court found that appellant's conduct toward this child has always been consistent with his claim to be the father. The court therefore adjudicated appellant to be the natural father of the child and changed his name from Raymond Denaga Blake to Raymond Denaga Thomas Bordley. Because of appellant's intention to return to school for his education, the trial court found that the child's immediate future would be with either his maternal or paternal grandparents. The court concluded that both sets of grandparents are admirably fitted financially, morally and culturally to be custodians of the child, and, more importantly, both desire to serve in that capacity. However, because the child identified with his maternal grandparents as his parent figures, the court determined that it was in the child's best interest that his custody remain with his maternal grandparents. Specifically, the court stated:
This court should not now determine the ultimate rights of a concerned and fit father to the custody of his son, but for the time being, it is in the child's best interest that his custody remain with his maternal grandparents; ... (emphasis supplied)
When the trial court entered its order, it did not have the benefit of our supreme court's most recent pronouncement on this subject in In re Guardianship of D.A. McW., 460 So.2d 368 (Fla. 1984). Affirming the decision of the Fourth District Court of Appeal in In re Guardianship of D.A. McW., 429 So.2d 699 (Fla. 4th DCA 1983), the supreme court recognized that the natural father of an out-of-wedlock child is entitled to custody, over the competing claim by the child's grandmother, where it is shown that the father is a fit person for custody and such custody is not detrimental to the child's welfare. In so holding, the court cited with approval our court's recent decision in Pape v. Pape, 444 So.2d 1058 (Fla. 1st DCA 1984), in which this court held that in a contest between a natural parent and one who is not a parent, the natural parent is entitled to custody of his child absent a finding that the natural parent is unfit or that the child's welfare requires that custody be placed with someone else.
These decisions recognize that although the "best interest of the child" test is controlling in the usual custody case between two parents, this test is not the controlling consideration when the contest is between a parent and someone else. Instead, the rights of the parent as well as the welfare of the child must be considered. In re Guardianship of D.A.McW., 460 So.2d at *512 370; Pape v. Pape, 444 So.2d at 1060; and In re Guardianship of D.A.McW., 429 So.2d at 702.
In this case, the trial court relied solely on the "best interest of the child" test in ordering that the child remain with the maternal grandparents. Applying the correct legal principle and recognizing the rights of appellants, the natural parent, as well as the best interest of the child, it is clear that appellant is entitled to the custody of his son. The trial court found that appellant is a fit person to have custody of his son. The evidence also shows that appellant has presented a suitable plan for the care of his child, and no evidence in this record suggests that it would be detrimental to the child's welfare for appellant to have custody of him. Under these circumstances appellant cannot be deprived of custody. In re Guardianship of D.A. McW., 429 So.2d at 704.
The trial court's order permitting the maternal grandparents to retain custody leaves the possibility open that appellant will eventually be given custody, after he has completed his education. Although this constituted a laudable attempt on the trial court's part to protect the interests of all the parties involved, it merely forestalls the inevitable recognition of appellant's superior right to the custody of his child. This case does not present the situation in which a natural father is temporarily unable to care for his child and therefore temporary arrangements must be made for the welfare of the child. Compare State ex rel. Sparks v. Reeves, 97 So.2d 18 (Fla. 1957). In erroneously ordering a temporary placement for this child, the trial court failed to consider that while appellant is being deprived of his right to custody, the bond between the child and maternal grandparents is growing stronger so that it will be all the more traumatic for the child when custody is returned to appellant. The court also failed to give effect to appellant's parental rights under the authorities noted above.
Accordingly, the trial court's order is reversed and the cause is remanded to the trial court with directions that an order be entered awarding appellant custody of his son.
We cannot conclude this opinion without observing that this case reflects an instance, not always apparent in child custody disputes, in which all the competing parties  the child's father, and its paternal and maternal grandparents  have demonstrated in various ways their overriding concern for the best interests and welfare of the child. It is fitting, we think, to commend this young father for his persistent, though no doubt sometimes frustrating efforts to establish and exercise the rights and responsibilities of parenthood. Both sets of grandparents are also to be commended for their unselfish willingness to accept this child into their homes and to aid in its upbringing. It goes without saying that our decision today must of necessity bring joy to some and sadness to others. We can only hope that the pain of separation to be felt by the maternal grandparents will in time subside as the child adjusts to his new family setting, and that ways will be found to keep alive the relationship they have established with the child.
REVERSED and REMANDED.
MILLS and THOMPSON, JJ., concur.