THORNAL, Justice.
. Appellant Charles B. Sparks was petitioner below in a habeas corpus proceeding whereby as natural . father he sought to obtain the custody of his two minor children from appellee (respondent . below) Mrs. A. E. Reeves, their maternal grandmother. The natural mother of the children and late wife of the appellant died early in December, 1952. At that time one of the children, Charles Andrew Sparks, was 21 months old, and the other, Morrie Inez Sparks, was 3 • da'y-s oíd.'
The appellant, his late wife and the two children resided in California at the time of the death of the mother. ' About two weeks after her death, he brought the.two infants, to Leon County,.'Florida where he left them with: the appellee • grandmother, stating, that he did- not have the facilities to take care of them. There is a conflict as to whether on that occasion he stated that he intended to leave the children with the grandmother permanently. We do -not consider the present record sufficient . to sustain any conclusion that there was a permanent relinquishment of the rights of the natural parent. The father then returned to California but around April or' May, 1953, he returned to Leon County, Florida, to file a petition for writ of ha-beas corpus against the appellee seeking custody 'of the children. This -culminated in an order of May 1, 1953, wherein the Circuit Judge awarded custody to the ap-pellee, allowed the appellant reasonable visitation privileges' and retained jurisdiction for the purpose of determining the fu-' turé welfare of the children. No 'appeal was taken from that order. ■
*755 At, or about, the same time, proceedings were instituted in the County Judge’s Court of Leon County to compel the appellant to contribute to the support of the children. This he apparently had previously neglected to do. The County Judge ordered him to make regular contributions to the cost of supporting the children as well as an additional contribution to repay the ap-pellee for amounts which she had advanced to defray the expenses of the funeral of the mother of the children. He made the payments with fair regularity for a time but was substantially delinquent when he instituted the current proceeding.
On September 7, 1954, appellant filed in the Circuit Court of Leon County a petition to.modify the order of May 1, 1953, alleging that in June, 1954, he had remarried and .maintained a home in Cocoa, Florida; that it was a suitable place to raise the children; that’he had a good job'; and that his new wife stood ready, able and willing to. share the care of the children with him.
As might be expected, the grandmother resisted the petition to modify, contending, with evidence to support her contention, that the father had paid little or no attention to the children; that he was delinquent in his contributions to the support of them; that he had been to see them on only two occasions since their mother’s death, both occasions being when he came to the area to file the two petitions; that he seldom, if ever, wrote to them or inquired about them; that for all practical purposes he had demonstrated little, if any, genuine parental affection for them; that the children were being well cared for; that they were being raised in a good spiritual atmosphere; that their future education had been provided for by the appellee; and that as a matter of fact on the last occasion when the father did go by to see them, they did not even know him. The father asserted the legal right of a natural parent to enjoy the custody and control of his children and contended that on this basis and the fact that his circumstances had changed, the order of May 1, 1953, should be modified.
After hearing all of the testimony, the Circuit Judge concluded that the original order should remain-in full force and effect on the ground that the petitioner-appellant had failed to show that the best interests of the minor children required that their custody be taken from the appellee and awarded to the appellant. On the contrary, he found that it would be to the best interests of the children that they remain in the custody of the appellee.
We hold that no error has been made to appear in the ruling of the Circuit Judge. He heard all of the testimony and had an opportunity to view the witnesses as they testified and in the light of the evidence offered before him, he evidently concluded that a showing sufficient to justify a change in his original order had not been made.
The record shows that the present home life of the children involved is sound and happy. Under the circumstances indicated by the record, it would be an unjustifiable experiment at this point .to transfer custody of these children of very tender -years, at least until such time as the appellant has more clearly demonstrated his parental interest -in, and desire to care for, his children. Although the facts are not strictly analogous because in the instant case there is no question raised as to the moral stability of the father, we find that in some measure this case is governed by the rule announced in State ex rel. Bonsack v. Campbell, 134 Fla. 809, 184 So. 332.
We do not read from the present record that the father has permanently relinquished his right to enjoy the custody of his children. We do hold that he should more clearly demonstrate and give evidence of his right to enjoy this privilege by his conduct to be based on his interest in the children in the future and the effort that he makes to establish that he is and will be the type of father that he portrays himself to be by his petition.
Affirmed.
TERRELL, SEBRING, THOMAS and HOBSON, JJ., concur.
*756 DREW, C. J., dissents.
ROBERTS, J., not participating.