312 So.2d 484 (1975)
Linda BESADE, Appellant,
v.
Monica BESADE and Alfred Besade, Sr., et al., Appellees.
No. 74-1406.
District Court of Appeal of Florida, Third District.
May 6, 1975.
Rehearing Denied June 2, 1975.
Cushman & Cushman, Miami, for appellant.
Horton, Perse & Ginsberg, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The mother of two minor children appeals an order of the circuit court placing the children in the permanent custody of the maternal grandparents. The maternal grandparents were not parties to the proceedings in the trial court nor have they filed a petition for custody. A final judgment of divorce was entered for the plaintiff mother in 1971. Custody of the children was awarded to the mother. A subsequent petition by the father for a change of custody resulted in an order of January, 1972, placing the children with their maternal grandparents pending a report to the juvenile court. In September of 1972, the paternal grandparents petitioned the court for a change of custody to themselves. This petition was denied. In March of 1973, the children were returned to the plaintiff mother. Later, without benefit of court order, the children were taken by the paternal grandparents. In July of 1973, *485 the court referred the matter of custody to the Domestic Relations Staff for investigation and report. This report recommended the children be returned to their mother, and thereafter the court so ordered. However, this order was not complied with. Instead, the paternal grandparents filed a petition for restraining order, and following a response by the plaintiff mother, they filed a petition to retain custody. The trial court then referred the petition to a general master. The general master recommended that the children be given to the maternal grandparents. All parties filed exception to the general master's report and the court confirmed the custody.
A court of general jurisdiction does not have unlimited discretion as to an award of the custody of a child. See Hernandez v. Thomas, 50 Fla. 522, 39 So. 641 (1905). Where jurisdiction to award custody is received by the court pursuant to the dissolution of a marriage, the discretion is set forth in the statute:
"61.13 Custody and support of children, etc., power of court in making orders. 
"(1) * * *
"(2) The court shall award custody and visitation rights of minor children of the parties as a part of proceeding for dissolution of marriage in accordance with the best interests of the child. Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody."
We think that the clear intent of this section is to continue the prior law that unless the parents are found to be unfit, they have the right to custody as between themselves, and that as between a fit parent and strangers, the parent has the right to custody.
The order presented for review does not find either the mother or the father unfit to have custody of their children. In the absence of a finding that the natural parents are unfit, strangers (even grandparents) may not be awarded the permanent custody of children where the natural parents have not relinquished their rights. See Wise v. Brewster, Fla.App. 1965, 179 So.2d 882, and cf. Hart v. Howell, 154 Fla. 878, 19 So.2d 317 (1944).
We further point out that the court in this instance awarded custody to persons who were not before the court and that the proper procedure for a change of custody from the parents to third parties would call for an order bringing the third parties before the court in order to determine their willingness and fitness as substitute parents.
Accordingly, the order transferring permanent custody of these minor children to the maternal grandparents is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.