508 So.2d 782 (1987)
Randy K. CHERRY, Appellant,
v.
Catherine L. CHERRY, Appellee.
No. 86-1395.
District Court of Appeal of Florida, Fifth District.
June 25, 1987.
*783 R. Jason de Groot of Fowler, Williams & Airth, Orlando, for appellant.
C.J. Cullom, Orlando, for appellee.
SHARP, Judge.
The former husband appeals from a final order which denied the former wife's petition to modify custody of their minor child in her favor, and which granted custody of the child to Paul and Norma Cherry, the child's paternal grandparents. The grandparents are not parties to this proceeding, nor have they filed any pleadings with the court to obtain custody. Neither party alleged nor claimed the other was unfit to have custody and the trial court made no finding that either was unfit or had relinquished his or her parental rights. We reverse.
In the dissolution decree, obtained in 1984, the court awarded joint custody to the parties, with primary residence to the former husband and liberal visitation to the former wife. In June 1986, the former wife filed a petition to modify the decree by changing the child's primary residence to her residence because she alleged the former husband had secreted the child from her and denied her visitation rights. The former husband denied her allegations and opposed the change in primary residence for the child.
While the modification suit was pending, the former husband allowed his parents to have temporary custody of the child. A trial was held in July, but no record was made. The final judgment denied the former wife's petition, placed the child in the custody of the paternal grandparents, granted both parties overnight visitation privileges, and warned that if the grandfather "documents any instance of bruising which occurs during a parent's period of visitation, that parent's visitation rights will be terminated."
Appellant argues that the court was never presented with any pleadings which could have resulted in an order taking primary custody of the child away from him, and giving it to the grandparents. The court could have changed primary custody from him to the former wife, but it did not do so. We agree.
Grandparents do not have any standing to seek custody of a child in a dissolution case pursuant to Chapter 61. If they have had custody of the child, then they may be entitled to notice and an opportunity to be heard.[1] Through filing proper pleadings with the court, they may be granted custody if the child is dependent, or the parents unfit. Based on their willingness to take custody and their fitness, an order granting custody to grandparents may be proper. However, proper pleadings and joinder of the grandparents as parties are essential.[2]
Despite the lack of a record in this case, we think the appealed judgment must be reversed due to the trial judge's application of an erroneous principle of law.[3] In a custody dispute between a natural parent and another person, the rights of the parent are paramount unless there is a showing the parent is unfit, or that for some substantial reason, the parent's custody will be detrimental to the child's welfare.[4] *784 A person who is not a parent has a much heavier burden of proof to sustain a modification of custody in his favor against a parent, in contrast with a parent in a dissolution context who prevails in a custody matter over another parent.[5]
In this case, neither appellee nor appellant argue the judgment appealed from is correct. There are no pleadings, fact findings or conclusions of law which support the ruling of the trial court. However, we do note that the trial judge's order on petition for modification suggests that one or both of the parties may be guilty of child abuse to some degree. Accordingly, we reverse the judgment and remand this matter for further consideration of the evidence in light of the rule of law referenced in this opinion. Pending further ruling of the trial court, which may be made after additional pleadings are filed and additional evidence is heard, the minor child shall remain in the temporary custody of his paternal grandparents.
REVERSED AND REMANDED.
COBB, J., concurs.
DAUKSCH, J., concurs in part, dissents in part, with opinion.
DAUKSCH, Judge, concurring in part, dissenting in part with opinion.
I agree this matter should go back for further proceedings, such as proper pleading and service of process.
This record does not support the gratuitous statements made in the majority opinion regarding child abuse. There is no record in this court of any testimony and no documentary evidence. The pleadings do not allege anything about child abuse. This court should not accuse one or both of these parties of child abuse where no one alleges it and there is no record proof of it.
NOTES
[1] Ruyle v. Murphy, 422 So.2d 318 (Fla. 1st DCA 1982).
[2] Besade v. Besade, 312 So.2d 484 (Fla. 3rd DCA 1975); cf. Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982).
[3] Pape v. Pape, 444 So.2d 1058 (Fla. 1st DCA 1984).
[4] Guardianship of D.A. McW., 460 So.2d 368 (Fla. 1984); Pape v. Pape, 444 So.2d 1058 (Fla. 1st DCA 1984); Johnson v. Richardson, 434 So.2d 972 (Fla. 5th DCA 1983); Besade v. Besade, 312 So.2d 484 (Fla. 3rd DCA 1975).
[5] Alderman v. Alderman, 484 So.2d 1385 (Fla. 1st DCA 1986).