530 So.2d 362 (1988)
Victoria L. PAUL, Appellant,
v.
Mabel LUSCO, Appellee.
No. 87-2744.
District Court of Appeal of Florida, Second District.
July 29, 1988.
Rehearing Denied August 31, 1988.
*363 Robert C. Miller, Bradenton, for appellant.
Howard B. Bischoff, Bradenton, for appellee.
PER CURIAM.
Appellant, Victoria L. Paul, appeals the final order of the trial court which awarded appellee, Mabel Lusco, custody of a minor child. Appellant is the child's adult, married half-sister and appellee is the child's natural mother. Appellee and the child's natural father, David Cook (Cook), were married in 1972, and had two children, one of whom is no longer a minor and, therefore, not a party to these proceedings. The child involved here was born on December 23, 1975. Appellee and Cook separated in 1979. Appellee's uncontradicted testimony was that she left Cook and took the children with her because Cook mistreated her. She further testified that Cook surreptitiously removed the children from her and concealed their location from her. Appellee returned to live with Cook and the children briefly in 1980. She left again, according to her uncontradicted testimony, because she was afraid of Cook and his mistreatment of her. She testified that she left without money or transportation and thus was forced to leave the children with Cook. Cook obtained a divorce from appellee and custody of the children in 1980. Appellee was never served with process, nor did she know of the divorce. Cook died in 1984 and provided in his will that appellant, his daughter by a previous marriage, should be guardian of the children. Appellant was appointed guardian on February 12, 1985. Appellee received no notice of that proceeding. Appellee filed a petition for writ of habeas corpus seeking custody of her minor child on July 18, 1985. The trial court found appellee to be a fit parent for custody of the child.
The trial court further found that "[w]hile the child has formed a strong and significant relationship with her half-sister and the family of her half-sister, the best interests of the child do not control in this case, absent of [sic] finding of unfitness of the natural mother."
Appellant argues that the trial court committed two errors in awarding custody to appellee. Although appellant argues first that the court erred in finding appellee fit to have custody of the minor child, there was no evidence presented below that appellee is unfit. Appellant's sole challenge to appellee's fitness is based on appellant's argument that appellee abandoned her children. Appellee offered uncontradicted evidence explaining her reasons for leaving her family. Those reasons, if believed by the trial judge, were sufficient to justify appellee's actions and to refute appellant's allegations of abandonment. Obviously, the trial judge chose to believe appellee's uncontradicted testimony. We are not permitted to reevaluate that evidence and decide otherwise. We, therefore, must conclude that the trial judge's finding of appellee's fitness must be affirmed.
Appellant next contends that regardless of appellee's fitness, the trial court erred in not considering the best interests of the child. Appellant summarizes her argument on that point by stating that "[t]he rights of parents to have custody of their natural offspring must be balanced by the best interests and welfare of the child." Appellant's argument on that point does not comport with the law of Florida regarding the circumstances that may permit a child to be taken from the custody of a natural parent and awarded to a third party.
The Florida Supreme Court has very clearly delineated the law on that subject in In re Guardianship of D.A. McW., 460 So.2d 368 (Fla. 1984). There, the court held:
When the custody dispute is between a natural parent and a third party, however, the test must include consideration of the right of a natural parent "to enjoy the custody, fellowship and companionship of his offspring... . This is a rule older than the common law itself." *364 State ex rel. Sparks v. Reeves, 97 So.2d 18, 20 (Fla. 1957). In Reeves we held that in such a circumstance [sic], custody should be denied to the natural parent only when such an award will, in fact, be detrimental to the welfare of the child.

460 So.2d at 370. (Emphasis supplied).
The McW. court further held:
In the instant case, the district court remanded with directions that the trial court award custody to the natural father and correctly stated that there is
strong public policy which exists in this state in favor of the natural family unit ... [and] a natural parent of a child born out of wedlock should be denied custody only where it is demonstrated that the parent is disabled from exercising custody or that such custody will, in fact, be detrimental to the welfare of the child.
429 So.2d 699 at 703-04 (footnote and citation omitted). We agree with this statement of the law and find the opinion of the district court is fully consistent with prior decisions of this Court. To hold otherwise would permit improper governmental interference with the rights of natural parents who are found fit to have custody of and raise their children.
The test enunciated in Reeves and elaborated on in McW. is detriment to the child or an inability on the part of the parent to exercise custody. Consideration of that test does not equate to a measuring of the "best interests" of a child when the natural parent is a fit and able custodial parent. This court follows the test established by our supreme court. In re Guardianship of Wilkes, 501 So.2d 704 (Fla. 2d DCA 1987).
There being ample evidence to support the ruling of the trial judge, it is our duty to affirm.
CAMPBELL, C.J., and RYDER and PARKER, JJ., concur.