DAUKSCH, Judge.
This is an appeal from a marriage dissolution judgment. The issue on appeal concerns the award of custody of the children to the maternal grandmother. Because the pleadings do not seek an award of the children to the grandmother and because the grandmother was not a party to the lawsuit and because it was not alleged nor' proved that the parents are unfit to share the parental responsibilities the court erred in giving custody of the children to the grandmother.
In Cherry v. Cherry, 508 So.2d 782, 783-784 (Fla. 5th DCA 1987), this court said:
Grandparents do not have any standing to seek custody of a child in a dissolution case pursuant to Chapter 61. If they have had custody of the child, then they may be entitled to notice and an opportunity to be heard. Through filing proper pleadings with the court, they may be granted custody if the child is dependant, or the parents unfit. Based on their willingness to take custody and their fitness, an order granting custody to grandparents may be proper. However, proper pleadings and joinder of the grandparents as parties are essential.
... In a custody dispute between a natural parent and another person, the rights of the parent are paramount unless there is a showing the parent is unfit, or that for some substantial reason, the parent’s custody will be detrimental to the child’s welfare. A person who is not a parent has a much heavier burden of proof to sustain a modification of custody in his favor against the parent, in contrast with the parent in a dissolution context who prevails in a custody matter over another parent, [footnotes omitted].
It is our view of the evidence in the record that both parties are fit for sharing all parental responsibilities, so it is incumbent now upon the trial judge to determine with which parent the children should reside and set the other responsibilities in accordance with the statute and equitable principles. § 61.13, Fla.Stat. (1987).
The judgment as to child custody only is reversed and this cause remanded for further proceedings to determine the primary residency and parental responsibilities.
REVERSED AND REMANDED.
ORFINGER and DANIEL, JJ., concur.