LEHAN, Judge.
This is an appeal by the guardian ad litem and the paternal grandparents of four young children from an order dated December 2, 1987, awarding custody of the children to their natural, unmarried mother. The proceeding in which the order was entered was a consolidation of a dependency action under chapter 39, Florida Statutes (1987), and a custody dispute between the grandparents and the mother. We reverse and remand.
As to the dependency portion of the proceeding, we recognize that the order contains the statement that the children are not dependent. However, especially in light of various other aspects of the order, it does not appear clear that the order reflects the application of established standards for dependency determinations. Those aspects are as follows: there had been an earlier finding dated September 14, 1987, by the court that the children were dependent; there is no reference in the order to that earlier finding or to the basis therefor having changed. Indeed, the order might be read to indicate that the reasons for that earlier finding may not have changed. For example, the order states that "with continuing supervision and support, [the natural mother] may also be able to provide [the children] some protection from future sexual abuse.” Also, the order contains a provision for continuing supervision by HRS of the mother’s custody which, under section 39.41(l)(a), is a provision which may be incident to a dependency determination.
As to the custody dispute portion of the proceeding, the trial court recognized that the best interests of the children is not the correct standard to apply in this type of *687 proceeding involving a custody dispute between a natural parent and parties who are not natural parents. As this court said in Wilkes v. Crum, 501 So.2d 704 (Fla. 2d DCA 1987),
[t]hat standard is applied in custody disputes between parents. A different standard, however, must be applied when the custody dispute is between a parent and a third party, where the primary consideration must be the right of a natural parent to enjoy the custody, fellowship, and companionship of his offspring. As such, the natural parent of a child born out of wedlock should be denied custody only where it is demonstrated that the parent is disabled from exercising custody or that such custody will, in fact, be detrimental to the welfare of the child.
Id. at 706 (citations omitted.) However, in this case the order does not address whether placing custody of the children with the mother would be detrimental to the children. Indeed, the order in the above-quoted respect might be read to indicate that there would be detriment to the children.
We are acutely aware of the obviously careful and conscientious deliberations on the part of the trial court which led to the entry of the order in this difficult case. We also recognize that there was substantial testimony in support of awarding custody to the mother. But under the circumstances of this case we feel justice would be best served by our remanding for further consideration and findings, with or without further proceedings as the trial court determines in the exercise of its sound discretion. On remand there should be directly addressed the aspects of dependency referred to above and whether the conditions quoted above from Wilkes for denying custody exist. If we did not so remand, we would be in the position of attempting, at least to some extent, to infer findings in the foregoing respects, which would be inappropriate. Nothing we have said here is intended to indicate any inclination on our part as to how the trial court should now rule.
Reversed and remanded for proceedings not inconsistent herewith.
CAMPBELL, C.J., and RYDER, J., concur.