553 So.2d 291 (1989)
Ronald LEONARD, Appellant,
v.
Raymond MYERS and Jewel Myers, Appellees.
No. 89-00380.
District Court of Appeal of Florida, Second District.
November 29, 1989.
Charles L. Carlton and Harold E. Barker of Carlton & Carlton, Lakeland, for appellant.
T.W. Weeks, III, Lakeland, for appellees.
THREADGILL, Judge.
Ronald Leonard appeals the order of the trial court granting custody of his minor child to the child's maternal grandparents, Raymond and Jewel Myers. The appellant contends that because there was no competent substantial evidence that he was unfit to have custody, or that his custody would be detrimental to the child's welfare, the court erred in denying him custody. We agree and reverse.
In January 1988, the appellant filed a petition to determine the paternity of J.C., born out of wedlock on February 23, 1985, *292 to Judy Chapman, and asked for custody of the child. The Myerses, parents of Judy Chapman, answered alleging that Frank Chapman, the former husband of their daughter, was the father of the child. They also alleged that the child had been living with them since the death of Judy Chapman on June 19, 1986, and that a parent-child relationship had been established with the child.
At a hearing on the petition, scientific evidence was introduced showing that Frank Chapman could not have fathered the child and that there was 99.76% probability that the appellant was the child's father. Testimony showed that the appellant and Judy Chapman had lived together for about a year before the child's birth, and that after the child's birth the appellant had helped with some of the child's needs and celebrated holidays with the child, including the child's first birthday. The appellant lost contact with his son after the mother's death, when the child went to live with the Myerses in Lake City, Florida. At the time of the final hearing, the child was about three and one-half years old.
The appellant testified that he was married, was employed, and owned a mobile home and an acre lot in Polk City, Florida. His wife testified that she was supportive of the appellant's attempt to obtain custody of his child and felt that they could very adequately care for the child. The Myerses both testified that the child and the mother had lived with them for several months while the mother was recuperating from a back injury and that after the mother's death, the child continued to live with them.
Finding that the child had lived all his life with the Myerses, that the involvement of the natural father had been extremely limited, and that it would "be detrimental to the child's welfare to uproot the child from its grandparents," the trial court entered a final order finding that the appellant was the natural father of the child, but denying him custody.
Courts of this state hold that a natural parent should be denied custody of his child only where it is demonstrated that such custody will be detrimental to the welfare of the child or that the parent is disabled from exercising custody. In re Guardianship of D.A. McW., 460 So.2d 368 (Fla. 1984); Webb v. Webb, 546 So.2d 1062 (Fla. 3d DCA 1989); Paul v. Lusco, 530 So.2d 362 (Fla. 2d DCA 1988); In re Guardianship of Wilkes, 501 So.2d 704 (Fla. 2d DCA 1987); Bordley v. Blake, 478 So.2d 510 (Fla. 1st DCA 1985). While the best interests of the child is the only test in a custody dispute between two parents, where the dispute is between a parent and a third-party, the court must consider the right of a natural parent to enjoy the custody, fellowship, and companionship of his offspring. D.A. McW., 460 So.2d at 370; State ex rel Sparks v. Reeves, 97 So.2d 18 (Fla. 1957). From our review of this record, we conclude that the trial court erred in denying the appellant custody of his son.
The evidence shows that it was only after the mother's death, when the child was taken from the Lakeland area, where the appellant lives, that his involvement with his son diminished. There has been no finding, nor is there evidence to support a finding that the appellant is unfit or that his custody would in any way be detrimental to the welfare of the child.
We therefore reverse and remand with directions that custody of the child be awarded to the appellant. In all other respects, the final judgment is affirmed.
HALL, A.C.J., and PATTERSON, J., concur.