554 So.2d 1184 (1989)
Randy FILTER, Appellant,
v.
Alberta BENNETT, Nan Derry and Kent Derry, Appellees.
No. 89-00642.
District Court of Appeal of Florida, Second District.
December 6, 1989.
Rehearing Denied January 10, 1990.
Deborah Studybaker, Fort Myers, for appellant.
Roberta D. Kushner of Kushner and Kushner, Fort Myers, for appellees.
PATTERSON, Judge.
Randy Filter appeals from a final judgment of the trial court adjudging him to be the father of Mark Zachary Bennett and then awarding custody of Mark to Kent and Nan Derry, the boy's maternal grandparents. We affirm in part and reverse in part.
Appellant resided with Alberta Bennett, Mark's mother, at the time of Mark's birth in 1983 and for a brief period thereafter. *1185 Difficulties between Mark's parents resulted in Alberta leaving and eventually moving in with her parents, the Derrys. Throughout this period, appellant continued to be actively involved with Mark. In 1985 Alberta left Mark with her parents and essentially has abandoned him. From this point forward appellant's relationship with the Derrys deteriorated, and on June 4, 1986, he filed an action for declaratory relief seeking to be adjudged Mark's father and for custody. During the pendency of this case appellant has had visitation with Mark under a court order, which has included a one-month trip to Arizona to visit Mark's paternal grandparents. On January 14, 1988, the trial court ordered a psychological evaluation of all of the interested parties by Dr. David Knickerbocker, a licensed child psychologist.
At trial Dr. Knickerbocker testified that in his opinion it was in Mark's best interest to be in the custody of the Derrys. This opinion was primarily based on the degree of bonding which had occurred between Mark and his grandparents by reason of his having lived with them since he was thirteen months old. He found also that a lesser degree of bonding existed between Mark and appellant and that Mark knew appellant was his natural father. He concluded that appellant could be an adequate parent and offered no opinion of unfitness as to any of the parties.
Appellant contends, and we are compelled to agree, that the evidence presented does not meet the standard required to deprive a natural parent of the custody of his child in favor of a third party. The law is well settled that a natural parent will be denied custody only where such custody will be detrimental to the welfare of the child or where the natural parent is unfit or otherwise disabled from exercising custody. In re Guardianship of D.A.McW., 460 So.2d 368 (Fla. 1984); Paul v. Lusco, 530 So.2d 362 (Fla. 2d DCA 1988); In re Guardianship of Wilkes, 501 So.2d 704 (Fla. 2d DCA 1987). There is no evidence of unfitness or disability on the part of the appellant. To deny him custody, therefore, there must be clear and convincing evidence that removal of Mark from his grandparents home will be detrimental to his welfare. Detriment in this sense means more than the normal trauma caused to a child by uprooting him from familiar surroundings such as often occurs by reason of divorce, death of a parent or adoption. It contemplates a longer term adverse effect that transcends the normal adjustment period in such cases. The record here simply fails to support any such detriment. This conclusion finds support in the trial court's final judgment which is couched in terms of "best interests" and not "detriment."
This is not to say that the relationship between Mark and his grandparents should be ignored. They have provided him with love and care and are entitled to the opportunity to continue to participate actively in his life. To this end the legislature has made special provision for the visitation rights of grandparents. See § 61.13(2)(b), Fla. Stat. (1987); Wishart v. Bates, 531 So.2d 955 (Fla. 1988). On remand the trial court should pay careful consideration to balancing the rights of appellant to custody of Mark with the rights of the Derrys to meaningful visitation. In such regard it is the best interests of Mark which control.
That part of the final judgment declaring appellant to be the natural father of Mark Bennett is affirmed. The grant of custody to the appellees is reversed.
CAMPBELL, C.J., and PARKER, J., concur.