559 So.2d 1277 (1990)
In the Interest of B.B., H.B., A.W., and J.W., Children.
No. 89-01039.
District Court of Appeal of Florida, Second District.
April 18, 1990.
Janet S. McClelland of Hayes & McClelland, Lutz, for appellants.
James Elliot of Bay Area Legal Services, Dade City, for appellee/mother.
PATTERSON, Judge.
This is the second appeal in this combined child custody and dependency action, which has pitted the natural mother of minor children against the children's paternal grandparents. In the first appeal, we reversed the award of custody to the mother and remanded for further consideration and findings, because it was unclear whether the trial judge found the children to be in a state of detriment. 535 So.2d 686.
On remand, the trial court found that the children would suffer detriment from being in the custody of their mother, *1278 but went on to balance the children's detriment against the mother's natural right to enjoy their custody. The trial court then confirmed its original findings and award. In this appeal from that order, we conclude that the trial court's findings of detriment required an award of custody to the grandparents and reverse.
In the first order, dated December 2, 1987, the lower court found that the natural mother is "borderline retarded"; that the children live in squalid conditions and "huddle together in shacks with broken windows and doors"; that the family subsists primarily on public assistance and aid from a religious organization; and that one of the children has, and another may have, been the victim of sexual abuse. The trial judge, confronted with conflicting testimony as to the parenting abilities of the mother and a recommendation of the Department of Health and Rehabilitative Services that the children remain in her care, reluctantly followed that recommendation. He denied custody to the grandparents in favor of awarding it to the mother.
In doing so, the trial court relied upon our supreme court's decision in In re D.A. McW., 460 So.2d 368 (Fla. 1984). There the court set forth a standard for determining custody disputes between parents and third parties. It said:
When a custody dispute is between two parents, where both are fit and have equal rights to custody, the test involves only the determination of the best interests of the child. When the custody dispute is between a natural parent and a third party, however, the test must include consideraion of the right of a natural parent "to enjoy the custody, fellowship and companionship of his offspring... . This is a rule older than the common law itself." State ex rel. Sparks v. Reeves, 97 So.2d 18, 20 (Fla. 1957). In Reeves we held that in such a circumstnace [sic], custody should be denied to the natural parent only when such an award will, in fact, be detrimental to the welfare of the child.
460 So.2d at 370. Thus, the parent's inherent right to the custody of his or her children requires the court to apply a higher standard in deciding whether to award custody to a third party.
In this second appeal, we conclude that under the D.A. McW. standard, a finding of detriment alone provides a basis for the award of custody to third parties in derogation of the natural parent's inherent rights. There is no precise definition of "detriment" in this sense. Although "detriment" is often used interchangeably with words such as "disservice," "disadvantage," "annoyance," and "nuisance," those factors do not meet the threshold of harm contemplated in cases of this nature. It is understandable that the trial judge had difficulty in determining the legal consequences of the facts and circumstances he observed.
In the context of child custody disputes, we construe "detriment" to mean circumstances which produce or are likely to produce mental, physical, or emotional harm of a lasting nature. See Filter v. Bennett, 554 So.2d 1184 (Fla. 2d DCA 1990) ("detriment" means more than the normal trauma caused by uprooting a child from familiar surroundings; it contemplates a longer term adverse effect transcending a normal adjustment period). Detriment, like unfitness to be a parent, does not come in degrees of severity. It is a conclusion of law that may be based upon facts barely crossing the threshold, or circumstances of catastrophic proportion. It either exists or it does not. Once it is established, it is not proper to attempt to balance the severity of the underlying facts with the rights of the natural parent because those rights have been overcome and are no longer a consideration.
Applying this definition to the factual findings recited in the first order and confirmed in the order on appeal, we hold that as of that date these children suffered detriment requiring an award of their custody to the grandparents, and therefore reverse the order of March 15, 1989, which confirmed *1279 custody in the mother. Because the factual findings supporting our conclusion were made well over two years ago, we remand for further evidentiary proceedings to determine whether a finding of detriment is appropriate under the children's current circumstances.
REVERSED and REMANDED.
PARKER, A.C.J., and ALTENBERND, J., concur.