571 So.2d 85 (1990)
Janice L. DAUGHARTY, Appellant,
v.
James E. DAUGHARTY and Barbara Daugharty, Appellees.
No. 89-2441.
District Court of Appeal of Florida, Fifth District.
December 13, 1990.
Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellant.
No Appearance for appellee James E. Daugharty.
Fred W. Fendt, DeLand, for appellee Barbara Daugharty.
PETERSON, Judge.
Janice L. Daugharty appeals that portion of a final judgment that places her two children in the custody of the children's paternal grandmother, Barbara Daugharty. We vacate a portion of the final judgment and remand.
The trial court made a specific finding in paragraph two of its final judgment that it was in the best interests of the minor children that they be placed in the custody of the paternal grandmother and that the latter was a fit and proper custodian. The court then ordered that the paternal grandmother would have the sole care, custody, *86 and control of the children subject to liberal visitation privileges by the natural mother and father.
The concern we have in this case is whether the proper legal standard was applied by the trial court to arrive at the decision to award custody to a non-parent. The stated finding that the best interests of the children would be served by awarding custody to the grandmother implies that the "best interest" standard was applied. The best interest standard is applied in a dispute between two parents where both are fit and have equal rights to custody. Guardianship of D.A. McW., 460 So.2d 368 (Fla. 1984). In the instant case, where the custody dispute is between the parents and a third person, the rights of the parents are paramount unless there is a showing that the parents are unfit or that, for some substantial reason, custody in either or both of the parents would be detrimental to the child's welfare. Cherry v. Cherry, 508 So.2d 782 (Fla. 5th DCA 1987); Pape v. Pape, 444 So.2d 1058 (Fla. 1st DCA 1984); Johnson v. Richardson, 434 So.2d 972 (Fla. 5th DCA 1983); Besade v. Besade, 312 So.2d 484 (Fla. 3d DCA 1975). While the correct standard may have been applied in the instant case, nothing in the record allows us to confirm it.
We vacate paragraphs two and three of the judgment indicating that the paternal grandmother shall have the sole care, custody, and control of the minor children and that the parents shall have liberal visitation privileges. We remand this cause to the trial court and direct that he apply the Cherry standards to the facts previously presented and supplement the judgment to reflect his findings. In the alternative and upon a proper motion made by a party to this appeal within ten days from the date of this mandate, the trial court may, in its discretion, conduct a supplementary hearing to include presentation of additional evidence germane to application of the correct standard. We recognize that the trial court may reach the same result as in the previous judgment, but only by this remand can we be satisfied that no confusion exists with respect to the application of the correct standard. The minor children shall remain in the custody of the paternal grandmother while the trial court considers this matter. The remaining portions of the judgment are affirmed.
AFFIRMED in part; VACATED in part; and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.