600 So.2d 487 (1992)
In re the MARRIAGE OF Carter Robert MATZEN and Judy C. Matzen.
No. 91-3136.
District Court of Appeal of Florida, First District.
May 28, 1992.
*488 John N.C. Ledbetter, of Doyle & Ledbetter, Jacksonville, for appellant.
William T. Edwards, Jr., Middleburg, for appellees.
SHIVERS, Judge.
The father, Carter Robert Matzen, appeals an August 1991 order of the trial court denying his Motion for Modification of Custody. The appellant father was divorced from the mother of their two minor children in 1986. At the time of the amended dissolution decree, the sons, ages 4 1/2 and 2 1/2 then, lived with the maternal grandparents, appellees here, pursuant to a temporary order of custody. In 1986, the trial court made this finding: "The Court finds that neither the Husband nor the Wife is the fit and proper person at this time to have the permanent custody and primary residence of the minor children. In fact, both parties are unfit to have said minor children but this status is not irreversible inasmuch as both the Husband and Wife are making attempts to realign their personal lives and lifestyles." Neither parent appealed the 1986 determination of unfitness, and the children have remained in the custody of appellees. In custody modification proceedings, however, the parties' present circumstances are at issue. Webb v. Webb, 546 So.2d 1062, 1066 n. 2 (Fla. 3d DCA), rev. den., 553 So.2d 1168 (Fla. 1989); Dubois v. Dubois, 586 So.2d 423, 424 (Fla. 4th DCA 1991); Peisach v. Antuna, 539 So.2d 544, 546 (Fla. 3d DCA 1989).
On the basis that he is presently fit and able to be the custodial parent of his sons, appellant sought a change in custody. We reverse that portion of the order that denied the father's motion for modification, and direct the trial court on remand to award permanent and residential custody of the children to appellant. Appellant is responsible for payment of all amounts of child support previously determined to be in arrears, in accordance with the payment schedule set forth in the trial court's order. Upon the transfer of the two children to the custody of the appellant father, appellees will have no further entitlement to child support from appellant. The order is affirmed in all other respects.
When the custody dispute is between a natural parent and third parties, here the maternal grandfather and his wife, "the test must include consideration of the right of a natural parent `to enjoy the custody, fellowship and companionship of his offspring... . This is a rule older than the common law itself.'" In re Guardianship of D.A. McW., 460 So.2d 368, 370 (Fla. 1984), quoting State ex rel. Sparks v. Reeves, 97 So.2d 18, 20 (Fla. 1957). Florida law clearly provides that "custody should be denied to the natural parent only when such an award will, in fact, be detrimental to the welfare of the child." Guardianship of D.A. McW., 460 So.2d at 370. We find nothing in the record to suggest an abandonment of the children by their father. Accordingly, denial of appellant's motion for custody modification, and the continued permanent custody of the children with the maternal grandparents, would be proper here only upon a finding by the trial court, supported by clear, convincing and compelling evidence, that the natural father is unfit or that placement of custody with him will be detrimental to the welfare of the children. See Webb, 546 So.2d at 1066 n. 3; Cherry v. Cherry, 508 So.2d 782 (Fla. 5th DCA 1987); Pape v. Pape, 444 So.2d 1058, 1060 (Fla. 1st DCA 1984); Kersey v. State, 124 So.2d 726, 731 (Fla. 1st DCA 1960). Absent such a finding, the right of a natural parent is paramount. Daugharty v. Daugharty, 571 So.2d 85 (Fla. 5th DCA 1990).
In fact, the order appealed contains no specific finding of unfitness on the part of the father, nor does it provide supporting evidence sufficient to demonstrate that custody and primary residence with appellant would be detrimental. Certain language in the order refers to what is in "the children's best interest from an educational, religious, emotional, and physical viewpoint." *489 In Guardianship of D.A. McW., the putative natural father and the maternal grandmother petitioned for appointment as custodian and guardian, following the death of the child's mother. Although the trial court determined the father was fit to have custody, it concluded "the best interest of the minor child will be served by giving custody and guardianship of person and property to the maternal grandmother." Id., 460 So.2d at 369. The Fourth District Court reversed and remanded the final judgment, see In re Guardianship of D.A. McW., 429 So.2d 699 (Fla. 4th DCA 1983), and the Florida Supreme Court affirmed the district court, on the ground that the "best interest" test is not the proper legal standard for determining custody between a natural parent and a third party. See 460 So.2d at 369-70. In the case sub judice, the trial court erred to the extent it may have relied merely on the best interest of the children without addressing the requirements of detriment or parental unfitness. Guardianship of D.A. McW.; Paul v. Lusco, 530 So.2d 362 (Fla. 2d DCA 1988), rev. den., 539 So.2d 475 (Fla. 1989); In re Guardianship of Wilkes, 501 So.2d 704, 706 (Fla. 2d DCA 1987).
We find sufficient evidence in the record demonstrating appellant has indeed rehabilitated himself. He has remarried and amply provides for his family, including his stepchildren. He is in the United States Navy and has a stable income. He and his wife are involved in family recreational activities. She is involved in the P.T.A., Navy Relief, and other community activities and, as a homemaker, can adjust her schedule to supervise the children when needed. The appellant father volunteers as a coach and participates in family baseball, swimming and fishing activities. Cf. Scott v. Singleton, 378 So.2d 885 (Fla. 1st DCA 1979), cert. den., 388 So.2d 1118 (Fla. 1980) (natural father apparently had little involvement with children during their six-year custodial period with grandmother). Appellant and his wife are involved in the children's education and help them with homework problems when necessary. Specific time is set aside for studying.
The trial court recognized that "[a]t the outset of the marriage tensions were great between the stepchildren and the two children involved in the custody dispute. Those tensions have subsided somewhat, but relationships have not developed to the point that would be conducive to emotional tranquility." The record indicates appellant and his wife are sensitive to the readjustments necessary when two different sets of children are brought into a new marriage. That marriage now is of more than four years' duration, and the testimony of the father, the wife, and her daughter consistently shows that his lifestyle and priorities have substantially improved, that the stepsiblings are getting along better, and that appellant's sons will be welcomed into appellant's home, as they have been during their regular visitations.
The maternal grandmother testified she has not seen appellant using alcohol or appearing to be under the influence on the numerous occasions she has seen him in recent years. She admitted that the two sons have bonded fairly well with appellant's wife.
Counsel for appellees argued the grandparents are better able to maintain a secure and stable home life, and to nurture the children's spiritual, educational and moral values. In Ammons v. Hathaway, 550 So.2d 145, 146 (Fla. 1st DCA 1989), we held it is appropriate for the trial court to consider personal, emotional, moral and social benefits, as well as material and economic advantages available to the children, in assessing parental fitness for custody. See Anderson v. Anderson, 309 So.2d 1, 4 (Fla. 1975). Although the grandparents have willingly assumed the responsibilities of rearing the two children since the time of the divorce, we are mindful, as was the trial court in the language of the order, that the home environment provided by them is not ideal. More importantly, Florida law does not permit a custody determination, under the instant facts, to be based merely on what one party can provide financially, spiritually, educationally or otherwise, relative to the other party. It is not enough for appellees to contend that they are more mature or that they can *490 better provide for the children's educational needs or religious instruction. The Florida Supreme Court said in Reeves: "[O]nce the father's ability reaches adequacy, his legal right should not be overcome by the fact that the respondents' offerings may be more adequate than his, or that they may continually out-do him, at least in material matters." See 97 So.2d at 21. Instead, the focus is necessarily on the parent.
Detriment, or unfitness to be a custodial parent, cannot be measured in degrees. It either is present or it is not. See In the Interest of B.B., H.B., A.W., and J.W., 559 So.2d 1277, 1278 (Fla. 2d DCA 1990). "Detriment" refers to circumstances that produce or are likely to produce lasting mental, physical or emotional harm. Id. In Filter v. Bennett, 554 So.2d 1184 (Fla. 2d DCA 1989), the appellate court described detriment as "more than the normal trauma caused to a child by uprooting him from familiar surroundings such as often occurs by reason of divorce, death of a parent or adoption. It contemplates a longer term adverse effect that transcends the normal adjustment period in such cases." See 554 So.2d at 1185. "Parental rights do not evaporate merely because parents have not been ideal parents." Guardianship of D.A. McW., 429 So.2d at 702 n. 1, citing Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).
Because the record contains no finding of disability or unfitness, and lacks supporting evidence to demonstrate that the requested modification of custody would be to the children's detriment, the trial court erred in denying appellant's motion. See Reeves, 97 So.2d at 20; Filter, 554 So.2d at 1185; Leonard v. Myers, 553 So.2d 291 (Fla. 2d DCA 1989) (reversal and remand of trial court's order awarding custody to maternal grandparents, absent any finding, or supporting evidence, concerning detriment to the children or the natural parent's unfitness). In reversing that portion of the order denying appellant's motion to modify custody, we note the necessity of provisions for liberal and reasonable visitation of the children by the maternal grandparents and the mother. See section 61.13(2)(b)2.c., Florida Statutes (1991). Appellant acknowledges such visitation rights with appellees and with the children's mother are desirable and proper. Accordingly, we direct the trial court to award primary custody to appellant, who shall be the residential custodian as well, and to provide for reasonable rights of visitation. We do not disturb those other portions of the order ruling on the mother's motion for modification, or appellees' motions for contempt and for increased child support.
REVERSED in part, AFFIRMED in part, and REMANDED with directions.
MINER and WOLF, JJ., concur.