666 So.2d 203 (1995)
S.G., Natural Mother, Appellant,
v.
G.G., Paternal Grandmother, and M.L.H., Paternal Aunt, Appellees.
No. 94-03332.
District Court of Appeal of Florida, Second District.
December 22, 1995.
*204 Linda Rodriguez-Torrent, Sebring, for Appellant.
A.P. Gibbs, Dade City, for Appellees.
CAMPBELL, Acting Chief Judge.
Appellant, S.G. (mother), challenges the trial court's order that granted custody of her oldest child, Michael (DOB: 09/30/85), to appellee, G.G. (Michael's paternal grandmother). As we will explain, we affirm the trial court's order granting custody of Michael to appellee.
In case number 94-03377, we are simultaneously affirming an order of the trial court in a dependency proceeding involving Michael's younger brother, Mark (DOB: 06/08/89). In that dependency proceeding, Mark, who had previously been adjudicated dependent, was returned to the custody of appellant under continuing protective supervision. Appellee and M.L.H., the children's paternal aunt, were granted visitation rights with Mark.
Appellant and the children's father, T.G., had been divorced in the circuit court for the Tenth Judicial Circuit for Hardee County, Florida, in 1990. In that proceeding, appellant was awarded primary residential custody of Mark, and the father was awarded primary residential custody of Michael. Michael and his father resided with appellee in her home. In 1991, a shelter petition was filed regarding Mark. He was subsequently adjudicated dependent and placed in the temporary custody of his father under protective services supervision. Approximately eight months later, on December 16, 1991, the father was killed in an automobile accident. As a consequence, upon oral motion by the Department of Health and Rehabilitative Services (HRS), the trial court transferred Mark's temporary custody to appellee, with whom the children and their father had been living. At that same hearing, HRS asked that Michael be placed in shelter with appellee so that appellant would not be able to gain custody of him due to the father's death. Appellant denied the allegations in the shelter petition alleging threatened harm to Michael, but no further action was taken.
On May 27, 1993, over the objections of appellee, temporary custody of Mark was transferred to appellant based upon her completion of the protective services plan entered into with HRS. On that same date, HRS filed a notice of voluntary dismissal of all pleadings involving Michael. On June 11, 1993, appellee filed a civil action in the circuit court of Hardee County (the same court that awarded custody of the children in their parents' dissolution action) seeking custody of the children. On August 26, 1994, the trial court entered the order which is the subject of this appeal awarding custody of Michael, but not Mark, to appellee.
While appellant raises several issues in this appeal, we will discuss only two. Appellant first argues that section 61.13(7), Florida Statutes (1993) does not create in appellee, the paternal grandparent of Michael, a cause of action whereby appellee could seek custody of Michael. We disagree. Section 61.13(7) provides as follows:
In any case where the child is actually residing with a grandparent in a stable relationship, whether the court has awarded custody to the grandparent or not, the court may recognize the grandparents as having the same standing as parents for evaluating what custody arrangements are in the best interest of the child.
*205 Appellant relies on In the Interest of J.M.Z., 635 So.2d 134 (Fla. 1st DCA 1994) for the authority that section 61.13(7) does not create an independent cause of action for custody of a child by its grandparents. We do not have to determine the issue of whether an independent cause of action is created by that statute. The custody of both children had been previously determined in their parents' dissolution action in the circuit court of Hardee County. That court has continuing jurisdiction to enter orders affecting the children's custody and best interests during their continuing disability. See Cone v. Cone, 62 So.2d 907 (Fla. 1953).
Appellee invoked that court's jurisdiction when she filed an action seeking custody of the children. Michael had, in fact, been residing with appellee in a stable relationship for the greater part of his life. We find that under these circumstances, appellee had standing under section 61.13(7) to petition the circuit court of Hardee County for custody of Michael.
The second issue raised by appellant is linked to the previously-discussed issue and also involves an interpretation of section 61.13(7). Appellant argues that the trial court erred in awarding custody of Michael to appellee on a "best interest of the child" standard. Appellant relies on In re Guardianship of D.A.McW., 460 So.2d 368 (Fla. 1984), Paul v. Lusco, 530 So.2d 362 (Fla. 2d DCA 1988), rev. denied, 539 So.2d 475 (Fla. 1989) and In re Guardianship of Wilkes, 501 So.2d 704 (Fla. 2d DCA 1987), for the principle that the best interest of the child standard is not applicable to a custody dispute between a parent and a non-parent because a parent may not be deprived of custody absent a finding of unfitness or long-term detriment to the child. While the principle relied upon by appellant is correct for the cases cited, appellant's argument overlooks the clear provisions of section 61.13(7) that are applicable to the circumstances of this case. That section provides that appellee, with whom Michael had resided in a stable relationship for the better part of his life, may be recognized as having the same standing as appellant "for evaluating what custody arrangements are in the best interest of the child." (Emphasis supplied.)
The evidence supports the trial court's determination that it is in the best interests of Michael to be placed in the custody of appellee. We, therefore, affirm the order of the trial court.
PARKER and QUINCE, JJ., concur.