PER CURIAM.
Jeffrey Turner appeals from the amended final judgment awarding primary residential care of his daughter to her maternal grandmother. We are constrained to affirm because of the lack of a transcript of the final hearing. See Firkel v. Firkel, 391 So.2d 351, 351-52 (Fla. 5th DCA 1980) (citations omitted).
The lower court found it would be detrimental to the child to be in the father’s custody. We agree with appellant that this finding must be supported by clear and convincing evidence to be sustained on appeal. See In re Marriage ofMatzen, 600 So.2d 487, 488 (Fla. 1st DCA 1992). However, the lack of a trial transcript prevents us from reviewing whether the maternal grandmother presented the requisite evidence of detriment.
In affirming, we strike paragraphs eight and nine of the amended final judgment which provide:
8. The Court specifically finds that when the mother successfully completes her substance abuse treatment, it would be in the best interest of the minor child to be placed with the mother.
9. When the natural mother is available to care for the child, a substantial change in circumstances from those that existed at the time of this Amended Final Judgment will have occurred.
Whether or not there are changed circumstances which would justify a change in custody to the mother after she completes her substance abuse treatment and whether the change would be in the child’s best interest must be determined at an evidentiary hearing, if and when a change in custody is sought. Appellee concedes that such a finding at this time is error as a matter of law. See State ex rel. Sparks v. Reeves, 97 So.2d 18 (Fla.1957) (declaring that the mere fact that a substantial change in circumstances has occurred does not necessarily mean that the child’s best interest will be served by changing custody); see also Schweinberg v. Click, 627 So.2d 548, 551 (Fla. 5th DCA 1993) (stating that the noncustodial parent must establish both a substantial change in circumstances and that the child’s best interest will be served by the change in custody); Strick-lin v. Stricklin, 383 So.2d 1183, 1184 (Fla. 5th DCA 1980) (same).
AFFIRMED as MODIFIED.
GOSHORN, HARRIS and GRIFFIN, JJ., concur.