# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-4695

———————————————

CHRISTOPHER MORRIS,

    Appellant,

    v.

SEAN MORRIS,

    Appellee.

———————————————

On appeal from the Circuit Court for Dixie County.
Jennifer J. Ellison, Judge.

April 30, 2018

M.K. THOMAS, J.

The biological father appeals an order granting temporary custody of the minor child to the step-father and denying his Emergency Verified Motion for Pick-Up Order. He argues the trial court applied the incorrect legal standard for the determination of a contested petition for temporary custody by an extended family member under to section 751.03, Florida Statutes (2016). Because we agree, the order on appeal is reversed and the matter is remanded to the trial court for further action consistent with this opinion.

Following the tragic and unexpected death of the biological mother, the step-father filed a Petition for Ex Parte Emergency Custody by Extended Family Member pursuant to section 751.03. In response, the father filed an Emergency Verified Motion for

Child Pick-up Order and challenged the temporary custody request of the step-father. At the time of the temporary custody proceedings, the minor child was sixteen years of age and living in Florida with her step-father and younger brother. The father lived in Germany with his wife and the children born of that marriage.

By way of history, the biological parents began the dissolution of their marriage in 2002 when the minor child was approximately eighteen months of age. The parents entered into a mediated settlement agreement in 2002, which named the mother as the primary residential parent. The dissolution of marriage was finalized in 2007. Subsequently, the mother married the father's brother (the minor child's "uncle" and following the marriage, also her "step-father"). For the next fourteen years, the minor child was raised by the mother and step-father and continuously resided with them in Florida.

The father has served in the military, mostly abroad, since the minor child was four years of age. There were periods of years where the father and the minor child had no in-person contact. Visitation between the father and the minor child over the last fourteen years has been sporadic, at best.

The father now desires to exercise full parental responsibility and relocate the minor child to Germany, where he is currently stationed. The step-father petitioned for custody to allow the minor child to remain in Florida and living in the family home where she was raised. The minor child unequivocally expresses her desire to remain living with the step-father and her younger brother. Her plea is that custody be granted to her step-father so she can remain "at home" with the step-father and her younger brother, finish high school with her friends, and be near her older sister who attends college in Florida.

Following an in-depth temporary custody hearing at which multiple witnesses testified, including the teenaged minor child, the trial court granted temporary custody to the step-father; the trial court explicitly based this determination on the best interest of the child standard outlined in section 61.13, Florida Statutes. Giving great weight to the minor child's desires to remain in this country with the step-father and her siblings and to complete her

2

schooling, the trial court ultimately determined that granting temporary custody to the step-father was in the minor child's "best interests." The trial court further reasoned that it "would be detrimental, cause mental, physical or emotional harm to uproot [minor] from her home and send her to the other side of the world when her schooling and her friends are so much a part of her life and her world and what she relies on for stability in this difficult time."

As the step-father is not a natural parent, the trial court's use of the best interest of the child standard to determine temporary custody was error. Preference to the natural parents prevails despite the fact that third persons are capable and willing to provide better financial and social benefits to the child. *See In re Marriage of Matzen,* 600 So. 2d 487 (Fla. 1st DCA 1992). This parental preference rule, which is premised on the widely held view that the family unit should be preserved, derives from the seminal case of *In re Guardianship of D.A. McW.,* wherein the court stated that "[w]hen the custody dispute is between a natural parent and a third party . . . the test must include consideration of the right of a natural parent 'to enjoy the custody, fellowship and companionship of his offspring . . . This is a rule older than the common law itself.'" 460 So. 2d 368, 370 (Fla. 1984) (quoting *State ex rel. Sparks v. Reeves,* 97 So. 2d 18, 20 (Fla.1957)).

This Court has explained that in custody disputes between a natural parent and a third party, courts should give deference to the natural parent pursuant to the common law parental preference rule, "'unless and until there is sufficient proof to establish parental unfitness or substantial threat of significant and demonstrable harm to the child.'" *Corona v. Harris,* 164 So. 3d 159, 160 (Fla. 1st DCA 2015) (quoting *LiFleur v. Webster,* 138 So. 3d 570, 574 (Fla. 3d DCA 2014)). Thus, the biological father should have been awarded custody of the minor child unless the step-father proved either: (1) the biological father was unfit; or (2) remaining with the biological father would result in demonstrable harm to the minor child.

Here, the step-father filed for temporary custody under chapter 751, Florida Statutes. Section 751.05(3)(b), governs a temporary custody request by an extended family member over the

3

objection of a natural parent and provides for the preference of a natural parent to retain custody unless the natural parent is proven to be unfit:

> If one of the minor child's parents objects to:

> (b) The petition for temporary custody, the court shall grant the petition only upon a finding, by clear and convincing evidence, that the child's parent or parents are unfit to provide for the care and control of the child. In determining that a parent is unfit, the court must find that the parent has abused, abandoned, or neglected the child, as defined in Chapter 39.

*See also Landinguin v. Carneal*, 837 So. 2d 525, 527 (Fla. 4th DCA 2003).

Here, the trial court found the biological father fit. We agree with the trial court's finding, as there is no legally sufficient evidence in the record to support allegations of abuse, abandonment, or neglect.

In addition to fitness, the common law rule of parental preference provides that "where the custody dispute is between the parents and a third person, the rights of the parents are paramount unless there is a showing . . . that, for some substantial reason, custody in either or both of the parents would be detrimental to the child's welfare." *Hammond v. Howard*, 828 So. 2d 476, 478 (Fla. 5th DCA 2002) (quoting *Daugharty v. Daugharty, 571* So. 2d 85, 86 (Fla. 5th DCA 1990)). "'[D]etriment refers to circumstances that produce or are likely to produce lasting mental, physical or emotional harm.'" *Murphy v. Markham-Crawford*, 665 So. 2d 1093, 1094 (Fla. 1st DCA 1995) (quoting *In re Marriage of Matzen*, 600 So. 2d at 490).

This Court has addressed detriment in cases requiring a child's relocation, finding "'the detriment which must be established . . . before a natural parent's request for custody may be denied involves something much more serious than the discomfort normally experienced by a child when moved from a familiar environment into one engulfed by the fear and

4

uncertainty associated with the unknown . . .'" *Seilkop v. Barker*, 148 So. 3d 865, 868 (Fla. 1st DCA 2014) (quoting *Murphy*, 665 So. 2d at 1094). Rather, "[i]t contemplates a longer term adverse effect that transcends the normal adjustment period in such cases." *Filter v. Bennett*, 554 So. 2d 1184, 1185 (Fla. 2d DCA 1989).

Here, the trial court found the minor child's relocation to Germany to live with her biological father would be detrimental. However, we are unable on the record before us to determine if the trial court properly analyzed detriment in the context of relocation of a child. Because the trial court applied an erroneous legal standard in granting the step-father's petition for temporary custody and its findings are incomplete with regard to detriment, we remand.

REVERSED and REMANDED with directions.

ROBERTS and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Kyle J. Benda of the Law Office of Knellinger, Jacobson & Associates, Gainesville, for Appellant.

M. Michael O'Steen of M. Michael O'Steen, P.A., Cross City, for Appellee.

5