378 So.2d 885 (1979)
Willie C. SCOTT, Appellant,
v.
Mary Littlejohn SINGLETON, Appellee.
No. NN-450.
District Court of Appeal of Florida, First District.
December 27, 1979.
*886 S. Gordon Blalock of Blalock, Holbrook, Akel & Poitevent, P.A., Jacksonville, for appellant.
Stephen Marc Slepin of Slepin & Slepin, Tallahassee and W.O. Birchfield, Jacksonville, for appellee.
SHIVERS, Judge.
This appeal is from an order awarding the permanent custody of two girls, ages 10 and 6, to their maternal grandmother. The marriage of Willie C. Scott, the natural father, and Carol Scott, the natural mother, was dissolved on October 29, 1973. Mrs. Scott was awarded custody of the children. Mr. Scott was awarded visitation privileges and was ordered to provide child support.
Carol Scott met with an untimely death on February 4, 1979. A dispute between the children's maternal grandmother, Mary Littlejohn Singleton, and the children's father as to the children's custody arose shortly after Mrs. Scott's death.
The trial court, upon appropriate pleadings by the maternal grandmother and by the father, modified the original custody order by awarding permanent custody of the children to the maternal grandmother with visitation rights and support obligations conferred unto the father. The trial court found that both the father and the maternal grandmother "are eminently fit and proper persons to have custody" but that the "welfare and interest of the two minor children will best be served by their remaining in the custody of the grandmother... ."
The father argues that because he was found to be fit for custody, his right to custody as the natural father is superior to that of the maternal grandmother. The father further argues that the trial court abused its discretion in awarding custody of the children to the maternal grandmother.
We disagree. The best interest of the child is the test in custody cases. The right of a natural parent to custody of his child is secondary. We have carefully considered the record before us. The trial court did not abuse its discretion in finding that the best interests of the children would be served by awarding custody to the maternal grandmother. See Cone v. Cone, 62 So.2d 907 (Fla. 1953); Brannan v. Brannan, 284 So.2d 701 (Fla.App. 1st DCA, 1973).
These children have been raised for the most part since 1973 in the maternal grandmother's home. Following the mother's death the children lived with the maternal grandmother. The record reflect that the grandmother has provided the children with love and an experience enriched upbringing. We are of the opinion that the trial court was well within its discretion in resolving this very difficult matter by awarding custody to the grandmother. This court will not substitute its judgment for that of the trial court. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975).
There being no reversible error, the decision is AFFIRMED.
MILLS, C.J., and McCORD, J., concur.