422 So.2d 318 (1982)
Ralph S. RUYLE and Libby S. Ruyle, Appellants,
v.
Herman Allen MURPHY and Elaine Marie Murphy, Appellees.
Nos. ZZ-120, AD-231.
District Court of Appeal of Florida, First District.
August 31, 1982.
As Clarified on Denial of Rehearing November 24, 1982.
D. Michael Chesser and John P. Townsend, of Selby, Chesser, Wingard & Barr, Fort Walton Beach, for appellants.
Randee Schatz Horvath, of Lorenz, Lungstrum & Heflin, Fort Walton Beach, for appellees.
PER CURIAM.
Ralph and Libby Ruyle appeal the dismissal of their motion to intervene in child custody modification proceedings concerning their grandson. They also appeal the assessment of the mother's costs against them.
A final judgment and dissolution of marriage between Herman Allen Murphy and Elaine Marie Murphy awarding custody of the parties' minor child to the father was entered in Broward County Circuit Court in 1976. Shortly after that judgment, the father left the child in the custody of the Ruyles, the paternal grandparents. The child resided continuously with the Ruyles for the next three years, except for periods of visitation with his mother or father. In October of 1979, the Ruyles attempted to initiate change of custody proceedings in Okaloosa County, seeking legal custody of their grandchild. Service of process was personally had on the father, Herman Murphy, in Texas, and service of process was attempted twice on the mother.
While this civil suit was pending in Okaloosa County, the mother and father jointly approached the court in Broward County, and without notice to the grandparents and without informing the court that a collateral action was pending in Okaloosa County, stipulated that the best interest of the child *319 would be served by shifting custody from the father to the mother. On December 7, 1979, Circuit Judge Futch, in and for Broward County, without notice to the grandparents who had physical custody of the child, entered an order changing custody of the child to the mother. On December 9, 1979, the mother took custody of the child from the grandparents.
Shortly thereafter the Ruyles filed a petition to intervene in the Broward County action and moved to vacate the order changing custody to the mother. On January 24, 1980, Judge Futch vacated his order of December 7, 1979, and reestablished the status quo as it existed prior to that order. Judge Futch further ordered that the case be transferred to Okaloosa County where the child had resided since 1976. The transferred case was then consolidated with the proceedings originally brought by the grandparents in Okaloosa County. Judge Barron, Circuit Judge for Okaloosa County, granted the mother's motion to dismiss the grandparents' suit for lack of standing. On December 12, 1980, Judge Barron changed custody of the minor child from the father to the mother without giving the grandparents an opportunity to be heard on the issue.
The trial court properly applied this court's opinion in Shuler v. Shuler, 371 So.2d 588 (Fla. 1st DCA 1979), in dismissing the grandparents' motion to intervene and petition for modification of custody. Section 61.13(2)(b), Fla. Stat. (1979) indicates that the legislature did not intend grandparents to have legal standing as a contestants.
However, we find the trial court erred in refusing to give the grandparents an opportunity to be heard before entering his order modifying custody of the child. This is an equitable proceeding governed by what are the best interests of the child. Before such an order is made, reasonable notice and opportunity to be heard should be given to any person who has physical custody of the child.
A trial court shall have to determine on a case-by-case basis what period of custody would entitle a person to notice and an opportunity to be heard under this statute. However, in the present case it is undisputed that the paternal grandparents had custody of this child for three years. This was more than a sufficient period of time to entitle them to the notice and opportunity to be heard.
The right of a natural parent to custody of a child is secondary to the best interest of the child. Although a grandparent does not have legal standing as a contestant, custody may be awarded to a grandparent if the best interest of the child requires. See, Scott v. Singleton, 378 So.2d 885 (Fla. 1st DCA 1979).
This ruling is consistent with the public policy of this state that a trial court should have all relevant information concerning the welfare of the child before it prior to changing the custody of that child. The welfare of the child is the controlling consideration in awarding custody. Only after the court has heard from those who have so had custody of the child would the court be in a position to properly determine the best interests of the child. Accordingly, we reverse the trial court's order changing custody of the child and assessing costs against the grandparents and we remand for proceedings consistent with this opinion. The award of custody to the mother shall be deemed an award of temporary custody to her. The trial judge, upon request, shall have the power to remand this cause to the court of original jurisdiction, the Circuit Court of Broward County, where the evidentiary hearing on modification of custody and further proceedings may be held.[1]
REVERSED and REMANDED.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.
NOTES
[1] See Bailey v. Malone, 389 So.2d 348 (Fla. 1st DCA 1980).