OVERTON, Justice.
This is a petition to review a decision of the Fourth District Court of Appeal reported as In re Guardianship of D.A.McW., 429 So.2d 699 (Fla. 4th DCA 1983), in which the district court held that the custody rights of a natural father of a child born out of wedlock must prevail over the rights of the child’s maternal grandmother when it is determined that the father is a fit person for custody, unless it is shown that such custody will be detrimental to the child’s welfare. We find conflict with Scott v. Singleton, 378 So.2d 885 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1118 (Fla.1980). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and we approve the decision of the district court.
The record reflects that the child, D.A. McW., was born to the respondent, Albert McWhite, and Vicky Nero, daughter of the petitioner, Emma Nero. Although McWhite and Vicky were never married, they had maintained a longstanding relationship and McWhite is represented to be the child’s father on the child’s birth certificate, in a hospital acknowledgment form filed at birth, on the child’s baptismal certificate, in the records of the Florida Department of Health and Rehabilitative Services, and in the records of the United States Social Security Administration. When Vicky died in an automobile accident, both McWhite and Emma Nero, the maternal grandmother, petitioned for appointment as custodian and guardian of the child.
At trial, McWhite testified that he and Vicky had planned to marry and that he had cared for the child regularly since the child was three months old. Specifically, McWhite claimed that he had taken care of the child on weekdays while the mother was attending college. Further, McWhite testified that he had provided for some of the child's medical needs, had provided some food and clothing, and had made payments to the Department of Health and Rehabilitative Services for the child’s benefit. Emma Nero testified that the child had lived with her in her house since birth and explained how she had eared for the child. The trial court determined that McWhite was fit to have custody, but concluded that, although it recognized
the putative father’s interest and legal rights to claim custody and guardianship pursuant to the United States Supreme Court case of Stanley v. Illinois, 405 U.S. 645 [92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) ] ... the best interest of the minor child will be served by giving custody and guardianship of person and property to the maternal grandmother.
The trial court reasoned that “the maturity of the grandmother must be taken into consideration in addition to the past care and extreme interest that the grandmother has placed in this child.” In addition, the court found that “the grandmother, in conjunction with the deceased natural mother, has raised this child since birth and that the child has, in fact, resided in the Nero home for his entire life.”
On appeal, the district court reversed the award of custody and, in a thorough opinion, noted the personal involvement of the natural father with the child and emphasized the custody rights of a natural parent as opposed to the rights of a third person. The district court correctly articulated the test to be applied in a custody dispute between two natural parents and distinguished it from the test applicable to a custody dispute between a natural parent and a third party. When a custody *370 dispute is between two parents, where both are fit and have equal rights to custody, the test involves only the determination of the best interests of the child. When the custody dispute is between a natural parent and a third party, however, the test must include consideration of the right of a natural parent “to enjoy the custody, fellowship and companionship of his offspring .... This is a rule older than the common law itself.” State ex rel. Sparks v. Reeves, 97 So.2d 18, 20 (Fla.1957). In Reeves we held that in such a circumstnace, custody should be denied to the natural parent only when such an award will, in fact, be detrimental to the welfare of the child. We explained what would constitute detriment to the child and approved a temporary grant of custody to the grandparents because of the father’s temporary inability to care for the children after the mother's death. We cautioned, however, that the father would be entitled to custody once his ability to care for the children was established. Id. at 20-21.
In the instant case, the district court remanded with directions that the trial court award custody to the natural father and correctly stated that there is strong public policy which exists in this state in favor of the natural family unit ... [and] a natural parent of a child born out of wedlock should be denied custody only where it is demonstrated that the parent is disabled from exercising custody or that such custody will, in fact, be detrimental to the welfare of the child. 429 So.2d at 703-04 (footnote and citation omitted). We agree with this statement of the law and find the opinion of the district court is fully consistent with prior decisions of this Court. To hold otherwise would permit improper governmental interference with the rights of natural parents who are found fit to have custody of and raise their children.
The district court in the instant case recognized apparent conflict with Singleton on the issue of a natural parent’s right to custody of a child. Singleton is disapproved to the extent that it did not address the appropriate test to determine the custody rights of a natural parent as opposed to the rights of a third party. We do not disapprove the result in Singleton because the facts of that ease are distinguishable. We observe that the children in Singleton had resided almost exclusively in the grandparent’s home for six years prior to the natural mother’s death. In addition, it appears that the natural father in Singleton had virtually no involvement with the children during that time. We recognize that the First District Court of Appeal, in Pape v. Pape, 444 So.2d 1058 (Fla. 1st DCA 1984), recently receded, in part, from its decision in Singleton.
Accordingly, we fully approve the district court opinion in the instant cause.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.