## IN RE: The Marriage of WILLIAM LEE RIGBY, JR., and MURIEL ERLEAN RIGBY

Case No. CJ-85-536

First Judicial Circuit, Escambia County

November 4, 1985

### APPEARANCES OF COUNSEL

Hobart O. Worley, Jr. for intervenors.

Paul L. Cummings for petitioner/wife.

### OPINION OF THE COURT

WILLIAM FRYE, III.

This matter was heard on the petition for modification of the mother, Muriel Erlean Philyaw, formerly Muriel Erlean Rigby, and the petition of intervenors, Margaret A. and James C. Booth. Having heard the evidence presented, considered the exhibits, and heard argument of counsel on the law and evidence, the court finds that:

By order of December 20, 1978, in the original dissolution of marriage action, the mother was denied custody of the child, William Lee Rigby, III, and he was placed in the custody of his father. Since that time, this child has been shuttled around the country, literally, spending some time with his father and his father's second and third

wives, with a paternal aunt, his mother, and for a two week period with his mother and father together. The child was placed with the intervenors, his father's sister and her husband, when his father "dropped" him off with them while he sought his own ends. The intervenors filed a dependency action in this court and gained a temporary custody order dated February 25, 1985, so they could provide medical care when needed, and to place him in school. The mother has not had custody since the time of the dissolution of marriage, although she has had visitation rights and she is now exercising those visitation rights as they occur. The custodians have not refused such visitation rights to the mother.

The mother's petition for modification seeks custody of the child, and the present custodians have intervened in an effort to retain custody of the child and prevent his being shuttled around once more.

From Respondent's Exhibit No. 2 and the progress notes attached thereto, the child appears to be an exceptionally insightful child and "He is able to identify his feelings extremely well . . . being appropriate in what makes him happy, sad, etc." The notes go on to mention that foremost on the child's mind is where he will be living; he wants to live with his aunt but he is worried about hurting the feelings of others involved.

The evidence shows the child has been battered about emotionally, if not physically; he is a deprived child emotionally. There is an abundance of "verbal love" expressed for the child, but no signs of actual love on the part of the mother. At long last, the child is enjoying a warm, loving, and emotionally satisfying environment.

The Florida Supreme Court has clarified the law involving custody disputes between a natural parent and a third party. *In Re: Guardianship of D.A. McW., a minor; Emma Nero v. Albert McWhite*, 460 So.2d 368 (Fla. 1984), provides that the natural parent, if otherwise a fit parent, has a paramount right to enjoy the custody of his or her child, unless "it is shown that such custody will be detrimental to the child's welfare." The facts in this case are distinguishable, but the same principles of law still apply.

The mother has made some progress toward rehabilitation of herself and becoming fit to have the child; at this point she is neither fit nor unfit to be a mother, but appears to be stabilizing her life at long last. The court cannot say from the evidence offered that she has, in fact, stabilized her life to the point she should enjoy the custody of the child over the equal right of the child to grow up in a secure, loving, and stabilized environment.

The evidence shows that granting custody of this child to his mother would be detrimental to his welfare.

This child is entitled to stability for once in his life and the court finds that the best interests of the child would be served to deny the mother's petition for modification of custody and grant the intervenors' petition for custody.

The court being fully advised in the premises, it is therefore,

ORDERED AND ADJUDGED that:

1. The petition for modification filed by the mother, Muriel Erlean Philyaw, be and the same is hereby denied.

2. The child, William Lee Rigby, III, shall be and he is hereby placed in the care, custody and control of the intervenors, Margaret A. and James C. Booth, paternal aunt and uncle of the child.

3. The mother, Muriel Erlean Philyaw, shall continue to have the rights of visitation with the child as set forth in the previous orders of this court.