# IN RE: THE GUARDIANSHIP OF MAURICE AND SHERRY LECANU

## Case No. 87-1 CP

Nineteenth Judicial Circuit, Martin County

March 25, 1987

### APPEARANCES OF COUNSEL

**Richard D. Kibbey** for Genevieve Lecanu Schoeneberg.

**Paul S. Rothstein** for Barbara Adams Keehner.

**Russell J. Ferraro, Jr.,** co-counsel for Barbara Adams Keehner.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *FINAL ORDER ON PETITION TO REVOKE GUARDIANSHIP*

This matter came on for hearing upon the Verified Petition of

Barbara Adams Keehner. The Petition seeks removal of Donald and Genevieve Schoeneberg as Guardians of the person and property of the minor children, Maurice and Sherry Lecanu. It is further requested that the Court in their stead appoint Petitioner.

Maurice and Sherry Lecanu were orphaned as a result of a tragic automobile accident that took the lives of their adoptive parents, Marc and Lillian Lecanu. Maurice and Sherry are the natural grandchildren of Genevieve Lecanu Schoeneberg but have no blood relationship to Barbara Adams Keehner.

The Court, pursuant to F.S. 744.312, conducted a full adversary hearing of three days and arrived at the following factual and legal conclusions.

Maurice and Sherry, 5 and 7 years of age, respectively, reside with their grandparents in the former home of their parents. The evidence from neighbors, friends, and in Sherry's case, teachers, demonstrates that the children are well adjusted, bright and well cared for by their grandparents. The children have lived in Jensen Beach, Florida almost their entire lives. All available evidence further demonstrates that they love and cherish Genevieve and Donald.

The psychological testimony from Dr. Zaccheo and Dr. Fairbanks indicate that both Petitioner and Respondent are suitable for parenting. The expert testimony further reveals that a substantial possibility that change such as contemplated by a change in guardians, i.e. removal to New York City, could pose a major threat to the emotional stability of the children.

Petitioner, Keehner, is currently married to Alan Keehner and resides in a six story apartment building in Queens, New York. The area in question is a densely populated residential neighborhood consisting of multi-unit apartment buildings. Ms. Keehner resides with her husband and his seven year old child, a daughter, in a two bedroom apartment. Ms. Keehner has no natural children and her present marriage is of nine months duration.

Mr. and Mrs. Schoeneberg have been married for approximately 17 years. The marriage is the second for Mrs. Schoeneberg and the first for Mr. Schoeneberg.

All available evidence indicates that the Schoenebergs and Ms. Keehner are sincerely motivated by the best interests of the children.

The evidence presents a clear picture of the present psychological, social and education milieu of Maurice and Sherry. They are presently well adjusted, happy, and doing well in an environment that is totally

familiar to them. Their grandparents are part of what was a totally supportive and extended family that was tragically shattered by Marc's and Lillian's deaths. They are basically small town Florida children with no experience of large urban areas.

The children currently attend St. Martin De Porres Catholic Church where they receive religious education. The children attended this church when their parents were alive and Mrs. Schoeneberg, who is Catholic, is ensuring that the children's spiritual and moral formation will continue. The evidence as to this aspect of their lives if in New York is ambiguous.

Although more relatives reside in the New York Metropolitan area, the evidence indicates that the children enjoy an extensive and supportive web of playmates and schoolmates in Jensen Beach.

The evidence further demonstrates that in Jensen Beach the children will attend first rate schools, possessing a commitment to child development that is impressive. The Court is without evidence as to the schools the children would attend in New York.

Finally, the evidence reveals that Sherry, a precocious child, is thriving at Jensen Beach Elementary School in an educational atmosphere that is caring, supportive, and thoroughly professional.

F.S. 744.312 et seq. provides that the Court may appoint any qualified person as guardian. This broad grant of discretion, in the case of the minor children, is delineated by one fixed, absolute standard "the best interest of the child." *Rule v. Murphy*, 422 So.2d 318. Thus, even the normally plenary right of natural parents must yield to the inexorable standard of best interest. *Scott v. Singleton*, 378 So.2d 885 (Fla. 1st DCA 1979).

Florida Courts have long recognized that grandparents may serve this standard best. Thus, in *In Re: The Guardianship of Davidson*, 259 So.2d 762 (Fla 1st DCA 1972), grandparents were awarded custody over the natural father when that disposition served the child's best interests. (*Davidson* at pg. 764).

F.S. 51, in the Court's review, provides a useful framework for determining the best interests of these children. Turning to these criteria, the Court finds from the evidence that deep love and affection exist between the grandparents and Maurice and Sherry. The Court further finds that the Schoenebergs have the capacity and disposition to care for the material needs of the children. The children, at present, live in a stable, satisfactory environment that their grandparents have always been part of and that is a long term family unit.

**31**

The Court finds that the Schoenebergs are morally fit, psychologically capable, and physically able to care for the children.

In essence, the Court is asked to balance the present reality of children who have rebounded from a profound tragedy due to the love and care lavished on them by their grandparents against the very real possibility that New York could be a detrimental change. This the Court cannot and will not do.

The Petition is denied.

DONE AND ORDERED in Martin County, Florida, this 25th day of March, 1987.