RYDER, Acting Chief Judge.
Jennifer Snyder attacks the court’s denial of her motion to dissolve a domestic violence injunction and the award of temporary custody of the parties’ two-year-old daughter, Kristen Snyder, to the paternal grandmother, Jan Kellog. The appellant contended that the court’s order denied her right to due process of law and failed to consider the best interests of the child. The appellee counters that the appellant received a full hearing and that the trial judge acted within his wide discretion in the temporary placement of the child. Because we agree with the appellant that she was not afforded due process of law and that the judge failed to afford the parties *1321 due process or to fully consider the best interests of the child, we remand for further proceedings.
On May 31, 1995, the appellant filed a petition for injunction for protection against domestic violence pursuant to chapter 741, Florida Statutes (1993). She alleged that the appellee had stolen items from her home and that in the past, while intoxicated, he had hit her while she was holding the child. The court granted the injunction ex parte and set a hearing for June 9, 1995. At the hearing, the judge concluded that there was no actual violence, but that both partners had described a volatile situation which could get out of hand. He ordered that they both submit to drug screens and placed the child with the appellant. The judge had advised the parties at the June 9 hearing that the results of the drug screen would affect his decision on custody. The injunction was also extended until June 1,1996.
On June 26,1995, without motion, notice or hearing afforded the parties, the court amended the injunction to grant the paternal grandmother temporary custody of the child pending the parties’ dissolution of marriage or a recommendation by AIM Target Programs, Inc. (AIM), which appears to be an evaluation and screening organization utilized by the court below. The court granted this relief upon the ex parte recommendation of the court’s domestic violence family law investigator.
The appellant filed a motion to dissolve or modify the injunction, which was set for hearing on July 6, 1995. The domestic relations investigator presented affidavits of the appellant and another witness. The appellant admitted that she falsified the first drug screen and that she had had a drug problem four or five years earlier. The other affiant stated that she had shared a marijuana cigarette with the appellant approximately three weeks prior to June 9. The investigator did not contact the child and conducted no other investigation as to her welfare. A neighbor whose husband worked as a deputy sheriff with the appellee and who was friendly with both parties testified favorably concerning ■ the appellant and her ability to care for the child. The results of the appellant’s subsequent supervised drug screen were negative, and AIM’s report indicated that there was insufficient evidence to assess any problematic alcohol or substance use or lack of anger control. No chapter 39 or chapter 61 proceedings were pending. The judge denied the motion to dissolve or modify the injunction.
Section 741.30(7)(a)3., Florida Statutes (1993), allows the court upon notice and hearing to grant, on the same basis as provided in chapter 61, an award of temporary custody with regard to the parties’ minor child. The polestar for guidance in custody proceedings is the best interests of the child. Burgess v. Burgess, 347 So.2d 1078, 1079 (Fla. 1st DCA 1977). Section 61.13(3), Florida Statutes (1993), enumerates an uninclu-sive list of eleven factors to be considered in evaluating the welfare and best interests of the child.
Clearly, the court has jurisdiction to award custody to grandparents in chapter 61 proceedings. Scott v. Singleton, 378 So.2d 885 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1118 (Fla.1980); Burgess. However, where a custody dispute is between the natural parent and a third party, the determination of custody must include a consideration of the right of the natural parent to enjoy the custody, fellowship and companionship of her offspring. In re Guardianship of D.A. McW., 460 So.2d 368, 370 (Fla.1984). The decision In re Guardianship of D.A. McW., is distinguished in S.G. v. G.G., 666 So.2d 203 (Fla. 2d DCA 1995), a ease involving facts not present here concerning the grandparents’ rights under section 61.13(7), Florida Statutes (1993).
The appellee contends that the court should not reverse the order for transfer of custody of a minor child which was intended to be temporary pending a hearing as to permanent custody, as an additional transfer of custody before the matter is resolved *1322 would not be in the child’s best interest. See Potter v. Hafner, 561 So.2d 1 (Fla. 2d DCA 1990). In Potter, however, there was an existing custody dispute, and we directed that the mother be given “at a very early date” the opportunity to be heard as to permanent custody. Likewise, we decline to reverse the custody order pending a further hearing.
Here, the court failed to provide notice and hearing of a custody hearing concerning the child. Even assuming the notice and hearing afforded by the appellant’s motion to dissolve or modify the injunction were adequate, the evidence fell far short of showing that the appellant’s conduct had a detrimental effect on the child. The evidence adduced supported few of the factors set forth in section 61.13(3). The court modified temporary custody pending a recommendation by AIM or dissolution of marriage. The AIM report was inconclusive as to any drug or alcohol problem or anger control issue. No dissolution proceedings had then been commenced. We, therefore, remand this matter for a further hearing to specifically address the temporary custody issue and the child’s best interests.
Remanded for further proceedings.
CAMPBELL and ALTENBERND, JJ., concur.