763 So.2d 484 (2000)
Raymond SEMPLE, Appellant,
v.
Nanci SEMPLE, Appellee.
No. 4D99-3184.
District Court of Appeal of Florida, Fourth District.
July 5, 2000.
William C. Porter, Vinemont, Alabama, for appellant.
No appearance for appellee.
SHAHOOD, J.
Appellant was denied due process when the trial court entered Final Judgment of Injunction for Protection Against Domestic Violence and awarded temporary custody of the parties' minor child to the mother without being afforded a full evidentiary hearing in accordance with section 741.30(5), Florida Statutes (Supp.1998).
Appellee filed a petition for injunction for protection against domestic violence against her husband out of concern for her *485 safety and that of the parties' minor child. She claimed that appellant suffered from drug, alcohol and psychological problems. Appellee alleged that appellant came to her house and verbally threatened suicide and threatened not to give her a divorce, causing her to call the police. She stated that appellant pushed her at least once and that his actions upset their daughter.
At the hearing on the permanent injunction, the trial court read the allegations contained in the petition for injunction. Appellee testified on direct examination and appellant testified on both direct and cross-examination. After such testimony and prior to appellee's cross-examination, the trial court stated that it found appellee's testimony to be believable and appellant's testimony to be evasive. As such, it entered a domestic violence restraining order and ordered that appellant continue counseling with his mental health professional, and that he submit to an evaluation and treatment at an alcohol rehabilitation center.
Following the court's ruling, appellant's counsel sought permission to cross-examine appellee. During her cross-examination, appellee admitted that appellant never threatened either her or the minor child with bodily harm. The court then interrupted appellant's cross-examination of appellee, and without further evidence, ordered that in addition to its previous ruling, appellant was to have supervised visitation with the parties' minor child.
The trial court admitted that it cut appellee's cross-examination short because of the number of cases being heard that day and suggested instead, that once the parties filed for divorce, appellant could petition the court to consolidate this case with the dissolution action and request a full evidentiary hearing. This was error.
Section 741.30 anticipates a full hearing prior to issuing a permanent injunction. See Lewis v. Lewis, 689 So.2d 1271, 1273 (Fla. 1st DCA 1997). Section 741.30(5)(a) provides that "[w]hen it appears to the court that an immediate and present danger of domestic violence exists, the court may grant a temporary injunction ex parte, pending a full hearing, and may grant such relief as the court deems proper, including an injunction." (emphasis supplied). A full hearing, as provided by this section, shall be set for a date no later than the date when the temporary injunction ceases to be effective. § 741.30(5)(c), Fla. Stat. (Supp.1998). The anticipated full hearing is the permanent injunction hearing to be held within 15 days of the ex parte injunction. See Lewis, 689 So.2d at 1273. Section 741.30(6)(a) provides that upon notice and hearing, the court may on the same basis as provided in chapter 61, award temporary custody of, or temporary visitation rights with regard to, a minor child or children of the parties.
In addition, rule 12.610(c)(1)(B), Florida Rules of Family Law Procedure, explicitly provides that "[a] full evidentiary hearing shall be conducted" prior to issuing a permanent injunction.
In Lewis, 689 So.2d 1271, the First District held that the husband was denied an opportunity to present his case prior to the entry of a permanent injunction and award of temporary custody of the parties' minor children to the wife. Without first discussing the issue of temporary custody, the trial court went immediately into a discussion of visitation. Upon deciding to grant temporary custody to the wife, the court went on to state that it was not going to hear testimony from witnesses present in the courtroom. See id. at 1272. The court was well aware that it was limiting the parties from presenting evidence and invited the parties to "reentertain another temporary proceeding in the divorce proceeding once it is filed." See id. Instead of receiving testimony and evidence at the permanent injunction hearing, the court put off the full hearing until the dissolution proceeding. See id. at 1273.
In reversing, the First District noted that:

*486 We are not unsympathetic to the time constraints faced by trial courts. We also recognize that experienced and well-meaning trial judges may feel that they have received enough information to make an informed decision concerning custody. We cannot, however, ignore the dictates of the Florida Statutes and Family Law Rules as well as the requirements of fundamental due process concerning procedures to be utilized in making this critical decision.
See id.
The court held that sections 741.30(5) and (6) and rule 12.610, Family Law Rules of Procedure, require at least that a party shall have a reasonable opportunity to present their case prior to the court making its decision. See id. at 1271. While this standard does not mean that a trial court may not reasonably regulate the amount of testimony and amount of time necessary to be utilized in deciding a particular case, the trial court erred in not allowing any testimony of witnesses who were present or cross-examination of the parties. See id.; see also Utley v. Baez-Camacho, 743 So.2d 613 (Fla. 5th DCA 1999)(the purpose of a due process hearing following the grant of an ex parte temporary injunction is to give the defendant an opportunity to show that the allegations previously relied on are not true. The witnesses should be sworn, each party should be permitted to call witnesses with relevant information, and cross-examination should be permitted); Miller v. Miller, 691 So.2d 528, 529 (Fla. 4th DCA 1997)(section 741.30 does not contemplate the extension of a temporary injunction for a long period, nor the entry of a permanent injunction without a full hearing).
Similarly, in this case, the trial court ordered supervised visitation without ever discussing the issue of temporary custody. Further, the trial court rendered its decision for a permanent injunction before appellant's counsel ever had the opportunity to cross-examine appellee. Only after appellant's request for such an opportunity, did the court permit a limited cross-examination of appellee. As in Lewis, the trial court stated that the parties could have a full hearing during the dissolution proceeding. These issues could then be revisited whenever one of the parties filed for divorce.
Lastly, the trial court ordered that appellant attend an alcohol rehabilitation center without credible evidence that appellant suffered from alcohol abuse. Only the wife testified that appellant would call the house after he had been drinking. Appellant denied that he had a drinking problem. Rather, he stated that he was depressed.
Based on the foregoing, we hold that the trial court erred in failing to conduct a full evidentiary hearing on the permanent injunction and temporary custody issues. Although pressured by time constraints, the trial court clearly did not give the husband the opportunity to fully present his case and cross-examine witnesses. It was improper for the trial court to put off the full evidentiary hearing until a dissolution proceeding took place. As in Lewis, we agree that "the dictates of the Florida Statutes and Family Law Rules as well as the requirements of fundamental due process" mandate that a full evidentiary hearing be conducted. See Lewis, 689 So.2d at 1273.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL and FARMER, JJ., concur.