782 So.2d 521 (2001)
Jose M. CHANFRAU, IV, Appellant,
v.
Jesus FERNANDEZ, Jr., Appellee.
No. 2D99-4495.
District Court of Appeal of Florida, Second District.
April 6, 2001.
Diane M. Gonzalez of Diane M. Gonzalez, P.A., Naples, for Appellant.
Tom Grogan of Grogan and Jones, Naples, for Appellee.
STRINGER, Judge.
Jose Chanfrau challenges the dismissal of his permanent injunction against domestic violence. He also appeals an order granting appellee's counter-petition for a domestic violence injunction. We reverse.
The record on appeal is scarce but demonstrates that on July 7, 1999, the trial court granted appellant's petition for injunction against domestic violence. Appellee later counter-petitioned for an injunction against domestic violence, and an evidentiary hearing was scheduled on the counter-petition. However, because all witnesses could not be deposed prior to the hearing date, the parties agreed to a continuance, and the hearing was rescheduled for October 11, 1999. At some point prior to this hearing date, appellant filed a motion to dismiss the counter-petition. It is not clear whether this motion was noticed to be heard on October 11, 1999. The record indicates that appellant had only received appellee's witness list one week prior to the October 11th hearing and requested another continuance in order to depose certain witnesses before the hearing. Appellee opposed continuing the *522 matter and argued that appellant's request was simply an attempt to harass appellee's witnesses.
The trial court denied the motion for continuance, dismissed appellant's injunction entered on July 7, 1999, and without hearing any evidence, granted appellee's counter-petition for injunction. There was great confusion at the hearing as to which party moved for dismissal and what matters were set to be heard. Nevertheless, on appeal the parties agree that appellee never sought to have the July 7, 1999, injunction dismissed or dissolved. Thus, the court granted relief which appellee never requested. Appellant was given no notice that the court would even contemplate dismissal nor was he given an opportunity to argue against it. By dismissing the injunction without motion, notice, or evidentiary hearing, the court failed to afford appellant due process in this matter. Snyder v. Snyder, 685 So.2d 1320 (Fla. 2d DCA 1996). The dismissal is therefore reversed.
The trial court further erred in granting appellee's counter-petition for injunction without hearing any evidence. Section 741.30, Florida Statutes (1999), which governs domestic violence injunctions, requires that a trial court hold a full evidentiary hearing prior to entering a permanent injunction against domestic violence. § 741.30(5)(c), Fla. Stat. (1999). Constitutional principles of due process impose the same requirement. Semple v. Semple, 763 So.2d 484 (Fla. 4th DCA 2000). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
CASANUEVA, A.C.J., and SALCINES, J., concur.