922 So.2d 436 (2006)
Fulton Q. GRIFFITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5767.
District Court of Appeal of Florida, Second District.
March 10, 2006.
Fulton Q. Griffith, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Fulton Q. Griffith challenges the denial of his two motions for postconviction relief. Because Griffith was denied a full and fair evidentiary hearing on his motions, we reverse and remand for a new evidentiary hearing.
In case number XX-XXXXXX, Griffith was charged with the robbery and aggravated battery of Jacqueline Hill, occurring in 1996. Shortly after the incident, in 1997, Hill identified Griffith as her attacker after viewing both a photographic and a live line-up. Griffith pleaded no contest to the charges in 1997 and was sentenced to sixty months in prison. In 2003, Griffith filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 based on a claim of newly discovered evidence. He alleged, in part, that Hill had been pressured by law enforcement officers into identifying him, and he attached to the motion a notarized statement signed by Hill indicating that Griffith was not the assailant.
An evidentiary hearing was conducted in 2004 concerning Griffith's motion in case number XX-XXXXXX and a separate motion in a second unrelated case, number XX-XXXXXX. The court first took up the motion *437 in case number XX-XXXXXX. Griffith, pro se, called Hill as a witness. She testified that in 2001, Griffith was released from prison. After his release, Griffith and his family members sought a meeting with Hill, and they contacted Hill's family members. Hill eventually agreed to meet with Griffith and went to Griffith's mother's house, where Hill signed the statement recanting her prior identification of Griffith as the attacker.
During cross-examination by the State, Hill testified that she complained to Griffith's probation officer in 2001 about Griffith's attempts to contact her. In 2003, Griffith scared Hill when he showed up late in the evening at Hill's job. Hill panicked when she saw him. Griffith told her he wanted her to sign the paper changing her prior identification of him. She agreed to do so. The trial court interrupted the cross-examination and asked Hill if she was changing her identification. Hill responded, "No." The court asked her, "He's the one who did it?" Hill responded, "Yes." The court then abruptly ended the hearing and denied the two pending motions over Griffith's attempt to object. Addressing Griffith, the trial court stated:
The Court: No. It's over. It's absolutely over. I'm firmly convinced that this woman was intimidated by you and your family to sign that affidavit and do this. I want you to enter an injunction. You folks hear me? Okay. Listen real good. I'm entering an injunction against all, get their names, against each and every one of them. Anybody goes near this woman, anything happens to this lady, you will be punished to the severest possibility under the law. That's  I don't care. You can raise your hand all you want. That's what happened. That's what I found. That's it.
Your motion for postconviction relief is denied.
Mr. Griffith: Your Honor, can I 
The Court: No. You can't make anything. I know what happened. I can see exactly. Is that what happened, ma'am?
Mr. Griffith: Sir, I got documents right here 
The Court: You can take those documents and  I won't say it on the record. Your motion for postconviction relief on both cases is denied. You're dishonest. Your family has been dishonest. You intimidated this woman, and I'm not going to put up with it. I'm directing [the Assistant State Attorney] to go across the street, have somebody from his office go across the street, and get an injunction against violence. It's not a domestic violence. They have one. I will sign it, that nobody is to come near this woman. Get their names. They're enjoined. I'm enjoining every single one of them, him and his family.
The Defendant's Sister: May I 
The Court: The bottom line is  no, you may not do anything. You better understand this, you go near this woman, you have anybody in your family go near this woman, I will see to it, I will come out of retirement and see to it what happens to you. You got it?
Mr. Griffith: Yes, sir.
The transcript reflects that the trial court directed the bailiff to take Griffith out of the courtroom. Griffith's sister and two unidentified males engaged in a heated exchange with the court, and the court directed the bailiffs to take them into custody for contempt. The court then held a discussion with the prosecutor:
The Court: I want an injunction.
[Assistant State Attorney]: Judge, I will. I just want to put some stuff on the record.

*438 The Court: No. We don't have to put anything else on the record. Let the Second District handle it.
[Assistant State Attorney]: We have a second motion.
The Court: I denied it. He's incredible. I don't believe anything he says or does.
[Assistant State Attorney]: You got to do an order.
The Court: Do an order.
[Court Counsel]: We didn't do anything on the second case though.
The Court: I denied it. He's incredible. He's a liar. He's not entitled to post-conviction relief. That's all. I don't care if they reverse me. Go ahead. I want  you to get that injunction.
On appeal, Griffith argues that he was denied due process when the trial court abruptly ended the hearing and had him removed from the courtroom. We agree that the trial court erred by abruptly ending the hearing. Griffith was not able to complete the questioning of Hill, nor was he able to call any other witnesses or fully explain his position. Further, Griffith was not given an opportunity to address his second motion, which the trial court nevertheless denied. See Semple v. Semple, 763 So.2d 484, 486 (Fla. 4th DCA 2000) (reversing for a full evidentiary hearing where the trial court did not give the appellant the opportunity to fully present his case and cross-examine witnesses in a proceeding on the appellee's petition for an injunction for protection); see also Chanfrau v. Fernandez, 782 So.2d 521, 522 (Fla. 2d DCA 2001) (citing Semple and reversing for failure to hear any evidence on domestic violence injunction, which requires a full evidentiary hearing); Sapp v. Redding, 178 So.2d 204, 207 (Fla. 1st DCA 1965) (in a civil suit, trial court erred in granting defendant's motion for voluntary dismissal of plaintiff's cause before the plaintiff had completed the presentation of his evidence). We, therefore, reverse for a new evidentiary hearing.
We note that by entering the injunctions against Griffith's family members and making statements that Griffith was incredible and a liar before the completion of all the evidence, the court improperly departed from its role as a neutral arbitrator. See Evans v. State, 831 So.2d 808, 811 (Fla. 4th DCA 2002) (trial court impermissibly interjected itself into the proceedings). This is an additional ground for our reversal.
Reversed and remanded.
LaROSE, J., and BAIRD, W. DOUGLAS, Associate Judge, Concur.