FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JENNIFER PARRISH,                     )
                                      )
            Appellant,                )
                                      )
v.                                    )     Case No. 2D13-4639
                                      )
JACOB MATTHEW PARRISH,                )
                                      )
            Appellee.                 )
                                      )
_____)

Opinion filed August 1, 2014.

Appeal from the Circuit Court for Collier
County; Christine Greider, Judge.

Michelle L. Hill of The Law Office of
Michelle Hill, Naples, for Appellant.

Matthew P. Irwin and Sam R. Assini of
Men's Rights Law Firm, Cape Coral, for
Appellee.


DAVIS, Chief Judge.

        Jennifer Parrish challenges the trial court's order dismissing her third

petition for temporary injunction for protection against domestic violence against her

husband, Jacob Parrish, during the pendency of their dissolution of marriage

proceedings.  The trial court erred by dismissing the petition for the reasons stated in

the order of dismissal and by failing to afford Mrs. Parrish the preliminary procedural due process required under these circumstances. We therefore reverse.

Mrs. Parrish originally sought and was granted a temporary injunction against Mr. Parrish. Then in May 2013 the parties reached a settlement on the issues of visitation with the parties' minor children and contact between the parties during the pending dissolution. As part of that settlement, Mrs. Parrish voluntarily dismissed the temporary injunction. Following entry of the June 11, 2013, final order related to that settlement agreement, it is alleged that the parties were present at the same beach location on June 15, 2013, and that some level of verbal contact and/or location stalking occurred at that time. Mrs. Parrish reported the contact to police and filed a second petition for temporary injunction without specifically referencing the beach incident. The trial court considered the matter and denied the petition because the allegations were resolved by the prior settlement agreement. Neither party appealed that order. Mrs. Parrish then filed a third petition for temporary injunction, this time attaching several pages describing the beach incident. For reasons that are not clear from the record, the trial court erroneously concluded that everything alleged in the third petition predated the June 11, 2013, final order of disposition that was entered following the May settlement. On that basis, the court dismissed Mrs. Parrish's third petition. She now argues on appeal that the trial court's dismissal deprived her of her rights to due process, and we agree.[1]

---

[1]There is no indication in the record on appeal or in the appendices accompanying the briefs pursuant to Florida Rule of Appellate Procedure 9.130(e) that the trial court otherwise reviewed the sufficiency of the petition, allowed the parties an opportunity to respond, or held a hearing. Cf. Chanfrau v. Fernandez, 782 So. 2d 521, 522 (Fla. 2d DCA 2001) ("Appellant was given no notice that the court would even

The beach incident clearly postdates the settlement agreement which led to the dismissal of the first injunction and therefore could not have been considered during those initial proceedings. Accordingly, it was error for the trial court to dismiss the instant petition for temporary injunction on the basis that it raised allegations resolved by Mrs. Parrish's voluntary dismissal of the first injunction. This error deprived Mrs. Parrish of the procedural due process to which she is entitled under section 741.30, Florida Statutes (2012), because the trial court did not allow her an opportunity to be heard or failed to otherwise consider whether her petition meets the requirements for the issuance of a domestic violence injunction under the procedures set forth in section 741.30. Accordingly, we reverse the dismissal of the third petition for temporary injunction and remand for reconsideration in accordance with the dictates of section 741.30.[2]

Reversed and remanded.


VILLANTI and SLEET, JJ., Concur.

---

contemplate dismissal[,] nor was he given an opportunity to argue against it. By dismissing the injunction without motion, notice, or evidentiary hearing, the court failed to afford appellant due process in this matter.").

[2]We make no determinations regarding whether the third petition filed by Mrs. Parrish is otherwise sufficient under section 741.30(3), cf. Polanco v. Cordeiro, 67 So. 3d 235, 237 (Fla. 2d DCA 2010) (remanding for the dismissal of a petition seeking an injunction against repeat violence where the allegations did not rise to the level necessary to obtain relief under the statute), or whether a hearing pursuant to section 741.30(4) is required under the facts presented, see Biggs v. Elliot, 707 So. 2d 1202, 1202 (Fla. 4th DCA 1998) ("Whether the conduct [alleged in the petition for injunction against domestic violence] meets the statutory requirement is a question of fact for the trier of fact."). Furthermore, nothing in this opinion should be read to preclude either party from seeking alternative forms of relief available through their dissolution proceedings or the temporary settlement agreement referenced in this opinion. See Oettmeier v. Oettmeier, 960 So. 2d 902, 904 (Fla. 2d DCA 2007).