NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SHERI LYNN PORVAZNIK o/b/o E.M.P., )
)
        Appellant, )
)
v. )      Case No. 2D17-3425
)
ROBERT ANDREW PORVAZNIK o/b/o )
R.M.P., )
)
        Appellee. )
_____ )

Opinion filed July 6, 2018.

Appeal from the Circuit Court for Charlotte
County; Leigh Frizell Hayes, Judge.

Susan M. Bodden, Port Charlotte, for
Appellant.

Pamela T. Calderon, Venice, for Appellee.


BLACK, Judge.

        Sheri Porvaznik challenges the order dissolving a permanent injunction for

protection against sexual violence.  Ms. Porvaznik asserts that she did not have proper

notice of the evidentiary hearing on Robert Porvaznik's motion to dissolve the injunction

and thus that the lower court violated her due process rights by proceeding with the

hearing and granting the motion without giving her an opportunity to be heard.  Ms.

Porvaznik also argues that the court erred in admitting the testimony of Mr. Porvaznik's expert witness. We reverse.

On June 14, 2017, Mr. Porvaznik filed a motion to dissolve the permanent injunction. A notice of hearing was served on July 14, 2017, indicating that the matter would be heard on August 15, 2017. Thereafter, an amended notice of hearing was served on August 10, 2017, indicating that the hearing on the motion had been rescheduled for August 22, 2017. Yet on August 15, Mr. Porvaznik appeared with counsel prepared to present evidence in support of his motion to dissolve the injunction. Neither Ms. Porvaznik nor her counsel was present. The matter was not on the court's docket for that day, and the court expressed concern that Ms. Porvaznik did not have adequate notice of the hearing. Nonetheless, the court proceeded with the evidentiary hearing on the motion to dissolve the injunction. At the conclusion of the hearing, the court held as follows: "So based on your expert today and the fact that the petitioner is not here, I'm going to go ahead and find that there's a change in circumstance, and dissolve this injunction." (Emphasis added.) The court entered an order dissolving the injunction that same day. Ms. Porvaznik then filed this appeal.

Without question, the court violated Ms. Porvaznik's due process rights in conducting the evidentiary hearing without notice and an opportunity to be heard. See Chanfrau v. Fernandez, 782 So. 2d 521, 522 (Fla. 2d DCA 2001) ("Appellant was given no notice that the court would even contemplate dismissal [of permanent injunction against domestic violence] nor was he given an opportunity to argue against it. By dismissing the injunction without motion, notice, or evidentiary hearing, the court failed to afford appellant due process in this matter."); cf. Samanka v. Brookhouser, 899 So.

2d 1190, 1191 (Fla. 2d DCA 2005) (reversing order extending and modifying an existing injunction against appellant for protection against domestic violence where appellant was not given an opportunity to challenge the allegations against her; concluding that since appellant did not have her "day in court," she was denied due process).  We therefore reverse the order dissolving the injunction and remand for further proceedings. With proper notice, Ms. Porvaznik will have the opportunity to raise objections to the testimony presented at the evidentiary hearing and to cross-examine the witnesses as she sees fit.

Reversed and remanded.


SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.