550 So.2d 145 (1989)
Charlene AMMONS, Appellant,
v.
Charles and Johnnie Ola HATHAWAY, Appellees.
No. 89-228.
District Court of Appeal of Florida, First District.
October 13, 1989.
Kathy R. Newman and Kristine E. Knab, Quincy, for appellant.
No brief filed for appellees.
WENTWORTH, Judge.
Appellant seeks review of an order entered upon her petition for permanent custody of her two children. The children had previously been placed in the temporary custody of appellees, the children's paternal aunt and uncle. In ruling upon appellant's petition the court decreed that the children be "permanently placed" with appellees, but allowed appellant visitation and expressly declared that appellant's parental rights would not be severed. We find that the court's disposition is inconsistent with the provisions of chapter 39, Florida Statutes, improperly leaving the children in a state of perpetual dependency. And there is no indication of what consideration the court gave to appellant's rights as *146 the children's natural parent. We therefore reverse the order appealed.
After appellant's two young children were declared dependent and placed in the temporary custody of appellees, appellant's marriage was dissolved and the court subsequently entered an order terminating the supervision of the children by a guardian and the Department of Health and Rehabilitative Services. The children remained with appellees, and appellant thereafter filed her petition for permanent custody asserting that she is now able to provide sufficient financial and emotional support for the children.
Reports from a guardian ad litem which were submitted to the court referenced repeated allegations of abuse and neglect prior to the children's temporary placement with appellees. The reports also detailed appellant's household conditions and financial circumstances, as contrasted with those of appellees.
A hearing was held and the court entered an order indicating that it considered the best interest of the children to be the paramount issue. Suggesting that appellant lacks appropriate housing, and that it would be preferable for the children's financial support to include appellees' income, the court determined that the children's interest would be best served by continued placement with appellees. Although specifying that appellant's parental rights would not be severed, and that appellant shall be allowed visitation, the court ordered that the children's placement with appellees be made permanent.
As indicated in The Interest of K.H. and M.C., 444 So.2d 547 (Fla. 1st DCA 1984), a permanent status of dependency is not an option available to the court under chapter 39, the Florida Juvenile Justice Act. While it is appropriate to deem the welfare of the dependent children to be the court's primary consideration, the dictates of chapter 39 require that every reasonable effort be made to reunite the children with their natural parent. Only when such efforts have been exhausted should the children be permanently removed from their natural parent, at which time permanent commitment for adoption should be sought rather than continued foster care or a perpetual reaffirmation of dependency. See The Interest of K.H. and M.C., supra; see also, T.W.S. v. Department of Health & Rehabilitative Services, 466 So.2d 387 (Fla. 1st DCA 1985).
As the children's natural parent, appellant's right to custody is an important interest which should generally not be terminated absent circumstances constituting abandonment or an unfitness which impacts the children's welfare. See In re Guardianship of D.A.McW., 460 So.2d 368 (Fla. 1984); Pape v. Pape, 444 So.2d 1058 (Fla. 1st DCA 1984). In addressing a parent's fitness for custody the court should not rely principally upon material and economic benefit available to the child, as opposed to personal, emotional, and social welfare and stability. See Anderson v. Anderson, 309 So.2d 1 (Fla. 1975). In the present case it is unclear whether the court properly considered these factors and appellant's parental interest in the custody of her children. On remand the court should consider these matters to the extent necessary in fashioning an appropriate disposition in accordance with chapter 39, Florida Statutes.
The order appealed is reversed and the cause remanded.
ERVIN and WIGGINTON, JJ., concur.