757 So.2d 605 (2000)
W.R. and D.G., as parents of C.R., a child, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D99-1832.
District Court of Appeal of Florida, Fifth District.
May 12, 2000.
Gordon Shuey, Orlando, for Appellant D.G.
Timothy A. Straus of Moyer, Straus & Patel, P.A., Altamonte Springs, for Appellant W.R.
No Appearance for Appellee.

*606 ON MOTION FOR REHEARING

W. SHARP, J.
The Department of Children and Families moved for a rehearing and clarification of this court's opinion issued February 25, 2000. Deeming the motion to have merit, we grant the motion, withdraw our prior mandate and opinion and issue the following revised opinion:
The parents of C.R., a child, appeal from an order dated June 3, 1999 which terminated the Department of Children and Families' ("Department") supervision of C.R., but retained the court's jurisdiction over the case. The parents argue that retention of jurisdiction by the court under these circumstances was error. We agree and reverse.
C.R. was returned to her parents' care on August 27, 1998, approximately ten months prior to the hearing, which resulted in this order. At the hearing, the Department requested termination of C.R.'s supervision because of the parents' excellent performance, and the Guardian ad Litem concurred, even complimenting them. However, the trial judge refused to terminate the court's jurisdiction.
The attorney for the parents argued that if the child is no longer in need of supervision by the Department, by definition the child is no longer dependent, and the court should no longer retain jurisdiction. The court did not make a specific oral finding that C.R. was, or was no longer, dependent. The court's position was that no statute prohibited it from terminating supervision and also retaining jurisdiction. The court's reason for retaining jurisdiction was only that if there was some adverse occurrence in the future, one didn't have to start from "point zero."
The record indicates that the court may have decided to retain jurisdiction because it was concerned about an older sibling who had been declared dependent in 1989, and placed in the custody of her grandmother. She was then in the process of being reunited with her parents. The cases of the older sibling and C.R. are similar. At the time of this hearing, the court's supervision and jurisdiction over the older sibling had been terminated by this judge, and he indicated he now regretted it.
When a child has been returned to its parents, the court shall determine whether to terminate its jurisdiction based upon recommendations by the Department or the Guardian ad Litem, or any other relevant factors. See § 39.508(15).[1] At least six months must have elapsed since the child was returned to his/her parents before the court may terminate jurisdiction, as has occurred in this case. Under such circumstances, if a child is no longer in need of supervision, and the relevant statutes have been complied with, there must be a cogent reason for the court to retain jurisdiction.
In this case, C.R. had been returned to her parents ten months prior to the hearing. The Department and the Guardian ad Litem requested that supervision be terminated, and both agreed excellent progress had been made by her parents. The unambiguous language of section 39.508(15) provides that the court shall base its decision concerning termination of jurisdiction, based on the recommendation of the Department or the child's Guardian ad Litem, and any other relevant factors. In this case, nothing appears of record to *607 justify continuing jurisdiction by the trial court.
Once dependency ends, and a child is no longer in need of supervision by the Department, the court's jurisdiction and responsibility for the child normally should end. See Ammons v. Hathaway, 550 So.2d 145 (Fla. 1st DCA 1989); TWS v. Department of Health and Rehabilitative Services, 466 So.2d 387, 388 (Fla. 1st DCA 1985); In the Interest of KH, 444 So.2d 547, 549 (Fla. 1st DCA 1984). It is difficult to let go when one takes responsibility for a child's welfare. However, our present legal system provides that under normal circumstances (as have come to pass in this case), parents have both the joy and burden of raising their children without interference from the courts. We must, therefore, reverse the order to the extent that the court retained jurisdiction over C.R.
REVERSED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Section 39.508(15) provides:

The court may enter an order ending its jurisdiction over a child when a child has been returned to the parents, provided the court shall not terminate its jurisdiction or the department's supervision over the child until 6 months after the child's return. The court shall determine whether its jurisdiction should be continued or terminated in such a case based on a report of the department or agency, or the child's Guardian ad Litem, and any other relevant factors; if its jurisdiction is to be terminated, the court shall enter an order to that effect. (Emphasis added)