KELLY, Judge.
 

 This appeal arises out of a dispute between Edward Thomas Slover, the natural parent, and Phyllis Meyer, the maternal step-grandmother, over custody of Mr. Slover’s child. Because the trial court used an incorrect legal standard in denying Mr. Slover’s petition to modify custody, we reverse.
 

 Mr. Slover and the child’s mother never married. Shortly after the child’s birth, the mother left the state of Colorado, where the parties had resided, taking the child with her. When the child was approximately three years old, the mother died. Thereafter, Mr. Slover initiated proceedings in Colorado seeking custody of the child who at that time was residing in Florida with Ms. Meyer. Largely due to Mr. Slover’s issues with substance abuse, the parties entered into a parenting plan that placed the child in Ms. Meyer’s “legal and physical custody.” The plan provided that the parties would share in all decisions regarding the child and allowed Mr. Slover supervised visitation until he was drug free for one year and unsupervised visitation thereafter. Mr. Slover complied with the plan and began exercising unsupervised visitation with the child, as well as sharing summer and holiday vacations.
 

 Approximately two years later, Mr. Slo-ver, who was now living in Alabama, initiated proceedings in Lee County seeking custody of his child. Ultimately he filed an amended petition to modify custody alleging a substantial change in circumstances since entry of the Colorado order adopting the parenting plan, and that a change in custody was in the child’s best interest. Mr. Slover stated that in addition to being drug free for a number of years, he is in a stable marriage and employed, and that he owns a home in Alabama suitable for raising his child.
 

 After a hearing, the trial court denied Mr. Slover’s petition. The court found that both Mr. Slover and Ms. Meyer were fit “parents,” that there was no evidence that Mr. Slover ever abused, abandoned, or neglected the child, and that Mr. Slo-ver had complied with the parenting agreement and was in recovery. The court determined that the standard for modifying an existing custody order was a substantial change in circumstances not contemplated at the time of the final judgment and that a change in custody would be in the child’s best interest.
 

 Mr. Slover contends that the trial court applied the wrong legal standard in denying his petition. We agree.
 

 
 *455
 
 When a custody dispute is between two parents, where both are fit and have equal rights to custody, the test involves only the determination of the best interests of the child. When the custody dispute is between a natural parent and a third party, however, ... custody should be denied to the natural parent only when such an award will, in fact, be detrimental to the welfare of the child.
 

 In re Guardianship of D.A.McW.,
 
 460 So.2d 368, 369-70 (Fla.1984);
 
 see Richardson v. Richardson,
 
 766 So.2d 1036, 1039 (Fla.2000) (holding that where a parent seeks to modify a third party custody award the test to be applied is whether the parent is fit and whether a change in custody will be detrimental to the child).
 

 Here, there is no evidence that Mr. Slover waived his parental rights or that his parental rights were terminated by ■virtue of the parenting plan. In fact, the court specifically found that Mr. Slover retained his parental rights. Thus, the only issues to be' determined by the court were whether Mr. Slover was a fit parent and whether it would be detrimental to the child to change custody. Although the trial court found that Mr. Slover was fit, we cannot determine whether the court properly considered whether placing the child in his custody would be detrimental to her welfare.
 
 See Bateman v. Johnson,
 
 818 So.2d 569, 571 (Fla. 2d DCA 2002) (defining detriment as “more than the normal trauma caused to a child by uprooting him from familiar surroundings such as often occurs by reason of divorce, death of a parent or adoption ... the change in custody would have to be likely to produce mental, physical, or emotional harm of a lasting nature”) (citations omitted).
 

 Because the trial court applied an erroneous legal standard in denying Mr. Slo-ver’s petition, we reverse the order and remand for reconsideration under the proper standard.
 
 See Hammond v. Howard,
 
 828 So.2d 476 (Fla. 5th DCA 2002) (reversing an order granting temporary custody of a child to the maternal grandmother and remanding for reconsideration applying the parental preference standard instead of the substantial change in circumstances/best interest standard).
 

 Reversed and remanded with instructions.
 

 LaROSE and KHOUZAM, JJ., Concur.