IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LISA MARIE CORONA,

      Appellant,

v.

DAVID KEY HARRIS,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4931

Opinion filed May 15, 2015.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Rachael Z. Ardanuy of Finnell, McGuiness, Nezami & Andux, P.A., Jacksonville, for Appellant.

Amanda Meyer, Joy N. Owenby, Michelle Broyles, and Sam Frazer of Owenby Law, LLC, Jacksonville, for Appellee.

WOLF, J.

Appellant, the mother, challenges the trial court's final judgment of paternity and custody order regarding her two children. She alleges that the trial court made three errors that merit discussion: (1) the trial court erred in granting majority time-sharing of the older child to appellee, a non-relative; (2) the trial court erred in

calculating child support; and (3) the trial court erred in granting appellee all tax exemptions every year for the children. We reverse as to Issue 1 and remand for the trial court to readdress the time-sharing issue based on the appropriate legal standard. Based upon its determination, the trial court shall readdress child support and allocation of the tax exemptions.

Appellee brought a paternity action in which he requested majority time-sharing of both of the minor children, alleging that both children had been living with him since November 2012, when the parties separated, with limited contact and involvement from appellant.

In her answer to the petition for determination of paternity, appellant denied that appellee was the father of the older child. However, she admitted that both children had resided with appellee since November 2012, and that appellee, at the time of the petition, had been exercising primary responsibility for both children.

In its order, the trial court awarded majority time-sharing of both the older and the younger children to appellee, reasoning that it was in the best interests of the children to do so. The "best interests of the child" standard was appropriate to determine the time-sharing of the younger child because the parties are his biological mother and father. See LiFleur v. Webster, 138 So. 3d 570, 574 (Fla. 3d DCA 2014). However, because appellee is not the biological father of the older child, the use of only the "best interests of the child" standard to determine time-

2

sharing of the older child was error. Rather, the court should have utilized the two-step test outlined in Richardson v. Richardson, 766 So. 2d 1036 (Fla. 2000).

In Richardson, the Supreme Court of Florida held that in custody disputes between a natural parent and a third party, the trial court could not rely solely on the "best interests of the child" standard. 776 So. 2d at 1039. Rather, before awarding custody to a third party, the court would have to follow a two-step test: first, the court would determine whether remaining with the natural parent would be a detriment to the child; if so, the court could consider the best interests of the child. Id. (citing In re Guardianship of D.A. McW, 460 So. 2d 368, 369-70 (Fla. 1984) (finding section 67.13(7), Florida Statutes (1997) was facially unconstitutional "because it equates grandparents with natural parents and permits courts to determine custody disputes utilizing solely the 'best interest of the child' standard without first determining detriment to the child")).

Similarly, in LiFleur, 138 So. 3d at 570, the Third District held that the trial court's denial of the natural mother's emergency motion to terminate temporary custody to the child's stepmother was error because the court relied solely on the "best interests of the child" standard and misallocated the burden of proof by requiring the natural mother to show that she was a fit parent rather than by requiring the opposing party to prove that she was an *unfit* parent. The court cited to Richardson when noting that "a trial court cannot engage in a 'best interests of

3

the child' analysis unless and until there is sufficient proof to establish parental unfitness or substantial threat of significant and demonstrable harm to the child." Id. at 574.

Because the trial court in the current case applied an erroneous legal standard in awarding appellee majority time-sharing of the older child when appellee is a non-relative without finding either that her natural mother was unfit or that a time-sharing change would be detrimental to the child, we REVERSE the paternity order regarding the older child and REMAND for reconsideration under the proper standard.[*] See Slover v. Meyer, 80 So. 3d 453, 455 (Fla. 2d DCA 2012).

ROWE and SWANSON, JJ., CONCUR.

---

[*] Because appellee is actually the biological father of the second child, and the "best interests of the child" standard is sufficient to support an award of majority time-sharing to a biological parent, we do not disturb this portion of the judgment. See LiFleur v. Webster, 138 So. 3d 570, 574 (Fla. 3d DCA 2014).

4